UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JAMES SHOTWELL, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>   vs.<br><br>ZILLOW GROUP, INC.,<br>SPENCER M. RASCOFF, and<br>KATHLEEN PHILIPS,<br><br>                              Defendants. | No. C17-1387<br><br>**COMPLAINT — CLASS ACTION FOR VIOLATION OF FEDERAL SECURITIES LAWS**<br><br>Jury Trial Demanded |

Plaintiff James Shotwell ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Zillow Group,

COMPLAINT — CLASS ACTION
No. C17-1387                              -1-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Inc. ("Zillow" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE AND SUMMARY OF THE ACTION

1. This is a federal securities class action on behalf of all investors who purchased or otherwise acquired a class consisting of all persons other than Defendants who purchased or otherwise acquired Zillow securities between February 12, 2016 and August 8, 2017, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the SEC, against the Company and certain of its top officials.

2. Zillow Group, Inc. provides e-commerce services. The Company provides information about homes, real estate listings, and mortgages through their website and mobile applications. Zillow serves homeowners, buyers, sellers, renters, and real estate professionals throughout the United States.

3. Founded in 2004, the Company is headquartered in Seattle, Washington and the Company's stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "Z."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's co-marketing program did not comply with the Real Estate Settlement Procedures Act; and (ii) as a result of the foregoing, Zillow' public statements were materially false and misleading

COMPLAINT — CLASS ACTION
No. C17-1387

-2-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

at all relevant times.

5. In April 2017, Zillow received a Civil Investigative Demand from the Consumer Financial Protection Bureau ("CFPB") that questioned whether some of Zillow's advertising revenues violated regulations against kickbacks.

6. On August 8, 2017, the Company filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2017, stating in relevant part:

> In April 2017, we received a Civil Investigative Demand from the Consumer Financial Protection Bureau ("CFPB") requesting information related to our March 2017 response to the CFPB's February 2017 Notice and Opportunity to Respond and Advise ("NORA") letter. The NORA letter notified us that the CFPB's Office of Enforcement was considering whether to recommend that the CFPB take legal action against us, alleging that we violated Section 8 of the Real Estate Settlement Procedures Act ("RESPA") and Section 1036 of the Consumer Financial Protection Act ("CFPA"). This notice stemmed from an inquiry that commenced in 2015 when we received and responded to an initial Civil Investigative Demand from the CFPB. We continue to cooperate with the CFPB in connection with requests for information. Based on correspondence from the CFPB in August 2017, we understand that it has concluded its investigation. The CFPB has invited us to discuss a possible settlement and indicated that it intends to pursue further action if those discussions do not result in a settlement. We continue to believe that our acts and practices are lawful and that our comarketing program allows lenders and agents to comply with RESPA, and we will vigorously defend against any allegations to the contrary. Should the CFPB commence an action against us, it may seek restitution, disgorgement, civil monetary penalties, injunctive relief or other corrective action. We cannot provide assurance that the CFPB will not commence a legal action against us in this matter, nor are we able to predict the likely outcome of any such action. We have not recorded an accrual related to this matter as of June 30, 2017 or December 31, 2016. There is a reasonable possibility that a loss may be incurred; however, the possible loss or range of loss is not estimable.

7. Following this news, Zillow's share price fell $7.43, or 15.5%, over the following two trading days to close at $40.50 on August 10, 2017.

COMPLAINT — CLASS ACTION
No. C17-1387

-3-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

11. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Zillow's principal executive offices are located within this Judicial District.

12. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the attached Certification, incorporated herein by reference, acquired and held shares of the Company at artificially inflated prices during the Class Period and has been damaged by the revelation of the Company's material misrepresentations and material omissions.

14. Defendant Zillow is incorporated in Washington, with principal executive offices located at 1301 Second Avenue, Floor 31, Seattle, Washington 98101.  Zillow's shares trade on

COMPLAINT — CLASS ACTION
No. C17-1387
-4-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7003
Tel: (425) 868-7813 • Fax: (425) 732-3752

the NASDAQ under the ticker symbol "Z."

15.     Defendant Spencer M. Rascoff ("Rascoff") has served at all relevant times as the Company's Chief Executive Officer ("CEO") and Director.

16.     Defendant Kathleen Philips ("Philips") has served at all relevant times as the Company's Chief Financial Officer ("CFO"), Chief Legal Officer and Secretary.

17.     The defendants referenced above in ¶¶ 15-16 are sometimes referred to herein as the "Individual Defendants."

18.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

19.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

20.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

21.     Zillow Group, Inc. provides e-commerce services. The Company provides information about homes, real estate listings, and mortgages through their website and mobile applications. Zillow serves homeowners, buyers, sellers, renters, and real estate professionals throughout the United States.

22.     The Company's co-marketing program allows mortgage lenders to pay for portions of realty agents' monthly advertising costs on Zillow websites.

COMPLAINT — CLASS ACTION
No. C17-1387
-5-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**Materially False and Misleading Statements Issued During the Class Period**

23. The Class Period begins on February 12, 2016, when Zillow filed an Annual Report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter and year ended December 31, 2015 ("2015 10-K"). The 2015 10-K was signed by Defendants Rascoff and Philips. The 2015 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Rascoff and Philips, stating that the financial information contained in the 2015 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

24. The 2015 10-K stated the following regarding the Company's adherence to government regulations:

**Government Regulation**

We are affected by laws and regulations that apply to businesses in general, as well as to businesses operating on the Internet and through mobile applications. This includes a continually expanding and evolving range of laws, regulations and standards that address information security, data protection, privacy, consent and advertising, among other things. We are also subject to laws governing marketing and advertising activities conducted by telephone, email, mobile devices, and the Internet, including the Telephone Consumer Protect Act, the Telemarketing Sales Rule, the CAN-SPAM Act, and similar state laws. In addition, some of our mortgage advertising products are operated by our wholly owned subsidiary, Zillow Group Mortgages, Inc., a licensed mortgage broker, pursuant to a support services agreement. Though we do not take mortage applications or make loans or credit decisions in connection with loans, Zillow Group Mortgages, Inc. is subject to stringent state and federal laws and regulations and to the scrutiny of state and federal government agencies as a licensed mortgage broker.

By providing a medium through which users can post content and communicate with one another, we may also be subject to laws governing intellectual property ownership, obscenity, libel, and privacy, among other issues. In addition, the real estate agents, mortgage professionals, banks, property managers, rental agents and some of our other customers and advertisers on our mobile applications and websites

COMPLAINT — CLASS ACTION
No. C17-1387

-6-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

are subject to various state and federal laws and regulations relating to real estate, rentals and mortgages. *We endeavor to ensure that any content created by Zillow is consistent with such laws and regulations by obtaining assurances of compliance from our advertisers and consumers for their activities through, and the content they provide on, our mobile applications and websites*. The real estate, mortgages, and rentals industries are subject to significant state and federal regulation; though we provide advertising services and technology solutions to real estate, mortgages, and rentals professionals, certain of our activities may be deemed to be covered by these industry regulations. Since the laws and regulations governing real estate, rentals and mortgages are constantly evolving, it is possible that we may have to materially alter the way we conduct some parts of our business activities or be prohibited from conducting such activities altogether at some point in the future.

(Emphasis added).

25. On February 2, 2017, Zillow filed an Annual Report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter and year ended December 31, 2016 ("2016 10-K"). The 2016 10-K was signed by Defendants Rascoff and Philips. The 2016 10-K contained signed certifications pursuant to SOX by Defendants Rascoff and Philips, stating that the financial information contained in the 2016 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

26. The 2016 10-K stated the following regarding the Company's adherence to government regulations:

**Government Regulation**

We are affected by laws and regulations that apply to businesses in general, as well as to businesses operating on the internet and through mobile applications. This includes a continually expanding and evolving range of laws, regulations and standards that address information security, data protection, privacy, consent and advertising, among other things. We are also subject to laws governing marketing and advertising activities conducted by telephone, email, mobile devices, and the internet, including the Telephone Consumer Protect Act, the Telemarketing Sales Rule, the CAN-SPAM Act, and similar state laws. In addition, some of our mortgage

COMPLAINT — CLASS ACTION
No. C17-1387

-7-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

advertising products are operated by our wholly owned subsidiary, Zillow Group Mortgages, Inc., a licensed mortgage broker, pursuant to a support services agreement. Though we do not take mortgage applications or make loans or credit decisions in connection with loans, Zillow Group Mortgages, Inc. is subject to stringent state and federal laws and regulations and to the scrutiny of state and federal government agencies as a licensed mortgage broker.

By providing a medium through which users can post content and communicate with one another, we may also be subject to laws governing intellectual property ownership, obscenity, libel, and privacy, among other issues. In addition, the real estate agents, mortgage professionals, banks, property managers, rental agents and some of our other customers and advertisers on our mobile applications and websites are subject to various state and federal laws and regulations relating to real estate, rentals and mortgages. *We endeavor to ensure that any content created by Zillow Group is consistent with such laws and regulations by obtaining assurances of compliance from our advertisers* and consumers for their activities through, and the content they provide on, our mobile applications and websites. The real estate, mortgages, and rentals industries are subject to significant state and federal regulation; though we provide advertising services and technology solutions to real estate, mortgages, and rentals professionals, certain of our activities may be deemed to be covered by these industry regulations. Since the laws and regulations governing real estate, rentals and mortgages are constantly evolving, it is possible that we may have to materially alter the way we conduct some parts of our business activities or be prohibited from conducting such activities altogether at some point in the future.

(Emphasis added).

27. On May 4, 2017, Zillow filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2017 ("Q1 2017 10-Q"). The 2017 Q1 10-Q was signed by Defendant Philips. The Q1 2017 10-Q contained signed certifications pursuant to SOX by Defendants Rascoff and Philips, stating that the financial information contained in the Q1 2017 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

28. The statements referenced in ¶¶ 23-27 were materially false and misleading because

COMPLAINT — CLASS ACTION
No. C17-1387
-8-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's co-marketing program did not comply with the Real Estate Settlement Procedures Act; and (ii) as a result of the foregoing, Zillow' public statements were materially false and misleading at all relevant times.

### The Truth Emerges

29. In April 2017, Zillow received a Civil Investigative Demand from the CFPB that questioned whether some of Zillow's advertising revenues violated regulations against kickbacks.

30. On August 8, 2017, the Company filed a quarterly report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2017, stating in relevant part:

> In April 2017, we received a Civil Investigative Demand from the Consumer Financial Protection Bureau ("CFPB") requesting information related to our March 2017 response to the CFPB's February 2017 Notice and Opportunity to Respond and Advise ("NORA") letter. The NORA letter notified us that the CFPB's Office of Enforcement was considering whether to recommend that the CFPB take legal action against us, alleging that we violated Section 8 of the Real Estate Settlement Procedures Act ("RESPA") and Section 1036 of the Consumer Financial Protection Act ("CFPA"). This notice stemmed from an inquiry that commenced in 2015 when we received and responded to an initial Civil Investigative Demand from the CFPB. We continue to cooperate with the CFPB in connection with requests for information. Based on correspondence from the CFPB in August 2017, we understand that it has concluded its investigation. The CFPB has invited us to discuss a possible settlement and indicated that it intends to pursue further action if those discussions do not result in a settlement. We continue to believe that our acts and practices are lawful and that our comarketing program allows lenders and agents to comply with RESPA, and we will vigorously defend against any allegations to the contrary. Should the CFPB commence an action against us, it may seek restitution, disgorgement, civil monetary penalties, injunctive relief or other corrective action. We cannot provide assurance that the CFPB will not commence

COMPLAINT — CLASS ACTION
No. C17-1387

-9-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7003
Tel: (425) 868-7813 • Fax: (425) 732-3752

a legal action against us in this matter, nor are we able to predict the likely outcome of any such action. We have not recorded an accrual related to this matter as of June 30, 2017 or December 31, 2016. There is a reasonable possibility that a loss may be incurred; however, the possible loss or range of loss is not estimable.

31.  Following this news, Zillow's share price fell $7.43, or 15.50%, on the following two trading days to close at $40.50 on August 10, 2017.

32.  As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

33.  Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Zillow securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

34.  The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Zillow securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Zillow or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

COMPLAINT — CLASS ACTION
No. C17-1387
-10-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

35. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

36. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

37. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Zillow;

- whether the Individual Defendants caused Zillow to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Zillow securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38. A class action is superior to all other available methods for the fair and efficient

COMPLAINT — CLASS ACTION
No. C17-1387                                -11-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

39. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Zillow securities are traded in an efficient market;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NASDAQ and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased, acquired and/or sold Zillow securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

40. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v.*

COMPLAINT — CLASS ACTION
No. C17-1387 -12-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against all Defendants**

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43. This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44. During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Zillow securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Zillow securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

45. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly

COMPLAINT — CLASS ACTION
No. C17-1387
-13-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Zillow securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Zillow' finances and business prospects.

46. By virtue of their positions at Zillow , defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

47. Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Zillow, the Individual Defendants had knowledge of the details of Zillow' internal affairs.

48. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Zillow.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Zillow' businesses,

COMPLAINT — CLASS ACTION
No. C17-1387                                              -14-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Zillow securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Zillow' business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Zillow securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

49. During the Class Period, Zillow securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Zillow securities at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Zillow securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Zillow securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

50. By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

51. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases,

COMPLAINT — CLASS ACTION
No. C17-1387 -15-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violations of Section 20(a) of the Exchange Act

### against the Individual Defendants

52. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. During the Class Period, the Individual Defendants participated in the operation and management of Zillow, and conducted and participated, directly and indirectly, in the conduct of Zillow' business affairs. Because of their senior positions, they knew the adverse non-public information about Zillow' misstatement of income and expenses and false financial statements.

54. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Zillow' financial condition and results of operations, and to correct promptly any public statements issued by Zillow which had become materially false or misleading.

55. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Zillow disseminated in the marketplace during the Class Period concerning Zillow' results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Zillow to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Zillow within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct

COMPLAINT — CLASS ACTION
No. C17-1387
-16-
Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

alleged which artificially inflated the market price of Zillow securities.

56. Each of the Individual Defendants, therefore, acted as a controlling person of Zillow. By reason of their senior management positions and/or being directors of Zillow, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Zillow to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Zillow and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

57. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Zillow.

**REQUEST FOR RELIEF**

Plaintiff requests judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: September 14, 2017

No. C17-1387  -17-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  Respectfully submitted,

2  s/ *Cliff Cantor*
   By: Cliff Cantor, WSBA # 17893
3  **LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
   627 208th Ave. SE
4  Sammamish, WA 98074
   Tel:    (425) 868-7813
5  Fax:    (425) 732-3752
   Email: cliff.cantor@outlook.com

6
   **POMERANTZ LLP**
7  Jeremy A. Lieberman
   J. Alexander Hood II
8  600 Third Avenue, 20th Floor
   New York, NY 10016
9  Tel:    (212) 661-1100
   Fax:    (212) 661-8665
10 Email: jalieberman@pomlaw.com
              ahood@pomlaw.com
11
   **POMERANTZ LLP**
12 Patrick V. Dahlstrom
   Ten South La Salle Street, Suite 3505
13 Chicago, IL 60603
   Tel:    (312) 377-1181
14 Fax:    (312) 377-1184
   Email: pdahlstrom@pomlaw.com
15
   Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

COMPLAINT — CLASS ACTION
No. C17-1387                              -18-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752