UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES SHOTWELL, *et al.*,

                Plaintiff,

    v.

ZILLOW GROUP INC., *et al.*,

                Defendant.

CASE NO. C17-1387-JCC

ORDER

Pursuant to the parties' stipulation and proposed order (Dkt. No. 72), the Court ENTERS the following protective order:

1.    <u>PURPOSES AND LIMITATIONS</u>

    a.    Disclosure and discovery activity in this action may involve production of confidential information under Fed. R. Civ. P. 26(c)(1)(G).  Accordingly, the parties stipulate to and jointly request that the Court enter the following Stipulated Protective Order governing the handling of documents, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and other written, recorded, graphic, or electronic matter or information produced, filed with, or submitted to the Court or given or exchanged by and among the parties (collectively, "discovery material") including discovery material produced by non-parties to the litigation.  The parties acknowledge

that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

b. All discovery material received by any party, including discovery material designated as "confidential" or "highly confidential," or information summarizing, referencing, or incorporating confidential discovery material and/or highly confidential discovery material, must be used solely for purposes of the litigation, including any appeal or retrial, and must not be used for any business, commercial, or other purpose, or for other litigation.

c. When used in this Protective Order, the word "document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all original written, recorded, electronic, or graphic materials, and all copies, duplicates, or abstracts of these materials, including, but not limited to, notes on these materials.

d. In this Protective Order, a person or entity that produces or discloses discovery material in the litigation is referred to as the "producing party," and the recipient of any discovery material in the litigation is referred to as the "receiving party."

e. This Protective Order does not address the use of protected material (as defined herein) at trial. The parties agree to meet and confer regarding the use of protected material at trial and to raise the issue with the Court at an appropriate time.

f. Entering into this stipulated Protective Order and producing or receiving protected material or otherwise complying with the Protective Order does not:

1. operate as an admission by any party that any particular materials designated as "confidential" or "highly confidential" contain or reflect trade secrets or any other type of protected material;

2. prejudice in any way the rights of parties to object to the production of documents they consider not properly subject to discovery, or operate as an admission by any party that the restrictions and procedures in this Protective Order constitute adequate protection for any particular information deemed by any party to be protected material;

3. prejudice in any way the rights of any party to object on confidentiality, relevancy, or any other grounds to the production of any discovery material;

4. prejudice in any way the rights of a party to obtain a determination by the Court whether any discovery material is, should, or should not continue to be subject to this Protective Order;

5. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any discovery material; or

6. prevent the parties, subject to Court approval from agreeing to alter or waive the provisions of this Protective Order with respect to any particular discovery material.

g. Subject to the receiving party's right to object or raise arguments regarding waiver, this Protective Order has no effect upon, and does not apply to, each party's use of its own protected material (as defined below) for any purpose.

2. <u>PROTECTED MATERIAL—"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL"</u>

a. "Protected material" includes both "confidential discovery material" and "highly confidential discovery material."

b. "Confidential material" includes the following discovery material containing:

1.  Personally identifying information of the producing party or the producing party's employees or customers;

2.  Data regarding compensation earned by or paid to employees;

3.  Data reflecting sales of products and services;

4.  Customer account information, such as names, telephone numbers, contracts, account numbers, or balances;

5.  Information about the producing party's computer information systems (including but not limited to systems and applications used in managing commission and compensation functions), general hardware and software specifications, and related instructions and training information;

6.  Employee trainings, internal policies, and evaluation materials;

7.  Employee personnel files;

8.  The financial books and records of the producing party and information pertaining to those financial books and records;

9.  Information about the revenues, costs, expenses, profits and losses of the producing party;

10. Information about the producing party's short- and long-term business plans;

11. Confidential information that the producing party has regarding its customers, competitors, suppliers, vendors, and subcontractors;

12. Information discussing, mentioning, or referring to the producing party's product development, design, or specifications;

13. Any information that the producing party is obligated by contract or state or federal law or regulation to keep confidential;

14. Any other information the producing party's business competitors could use to obtain a business or legal advantage over the producing party;

15. Tax, accounting, or financial information and materials that are valuable and generally not known to the producing party's competitors.

c.     "Highly confidential material" shall mean all discovery material, and all information contained therein, the disclosure of which to another party or non-party, in the view of the producing party, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

d.     By designating materials as "highly confidential," the producing party and their respective counsel represent that they have a good faith belief that the materials so designated are not only confidential discovery material but also contain extremely sensitive and confidential proprietary commercial or personal information, including, without limitations, pricing and contract information, trade secret, and/or competitively sensitive commercial information relating to a party or third parties that could be used to the direct and material detriment of the producing party or any third party not involved in this litigation.

3.     DESIGNATING PROTECTED MATERIAL

a.     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The producing party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or

that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the producing party to sanctions. If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection, the producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designations.</u> The designation of discovery material as "confidential" or "highly confidential" for purposes of this Protective Order must be made in the following manner by the producing party:

1. In the case of paper documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation must be made by marking or stamping each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate, prior to its production or disclosure to the receiving party. If only a portion or portions of the material on a page qualify for protection, the producing party must also clearly identify the protected portion(s) using appropriate markings.

2. In the case of electronically stored information ("ESI"), the producing party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate, using means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. If designation through affixation of the legend "confidential" or "highly confidential" is impractical, the producing party shall designate in writing at the time of production that the information or discovery material being produced constitutes confidential material or highly confidential material. In the case of any discovery material that is in the form of an audio or video

recording (whether analog or digital) that cannot be designated

"confidential" or "highly confidential" in the manner set forth above,

or discovery material that is too voluminous to mark "confidential" or

"highly confidential" in a practicable and cost-efficient manner, it shall

be sufficient for the producing party to clearly mark the CD-ROM,

DVD, or other electronic storage medium containing such electronic

data or documents with the appropriate designation.

3. All depositions shall be presumptively treated as confidential material

and subject to this Protective Order during the deposition and for a

period of thirty (30) calendar days after the day that said deposition

takes place, unless otherwise specified in writing or on the record of

the deposition by the producing party. At or before the end of such

thirty (30) day period, the deposition, or pages of the transcript thereof,

shall be classified appropriately. The producing party must provide

each court reporter participating in the deposition with a copy of this

Protective Order, and the court reporter must adhere to its provisions.

Each court reporter must mark "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" on the face of the transcript at the beginning and

end of any portions thereof so designated by the producing party, as

appropriate.

c.       A producing party's inadvertent failure to designate discovery material as

"confidential" or "highly confidential" does not, in and of itself, constitute a waiver of

confidentiality and may be corrected by supplemental written notice to the receiving party

promptly upon the producing party's discovery of the inadvertent failure to designate, with the

effect that the discovery material will then be subject to the protections of this Protective Order.

The delay in so designating a document shall not, in and of itself, be deemed to have effected a

waiver of any of the protections of this Protective Order, and parties will make reasonable efforts (i) to ensure that any paper or electronic documents summarizing, referencing, or incorporating any of the discovery material that are retained by the receiving party are treated as if the discovery material had originally been designated "confidential" or "highly confidential" and (ii) to ensure that the discovery material is not further disclosed except in accordance with this Protective Order.

    4.    <u>ACCESS TO AND USE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL</u>

    a.    <u>Basic Principles.</u>  The receiving party may use protected material that is disclosed or produced by another party or non-party the litigation only for prosecuting, defending, or attempting to settle this litigation.  Protected material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Protected material must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

    b.    <u>Disclosure of Confidential Discovery Material.</u>  Except with the prior written consent of the producing party or by Order of the Court, confidential discovery material shall not be furnished, shown, or disclosed to any person or entity except to:

    1.    The receiving party's counsel of record in this litigation, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    2.    The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is highly confidential discovery material and is so designated;

3. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. The Court, court personnel, and court reporters and their staff;

5. Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

6. During their depositions, witnesses in the litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

7. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

c. <u>Disclosure of Highly Confidential Discovery Material.</u> Except with the prior written consent of the producing party or by Order of the Court, highly confidential discovery material shall not be furnished, shown, or disclosed to any person or entity except to:

1. The receiving party's counsel of record in this litigation, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, with the understanding that all such employees are bound by the terms of this Order with respect to such

highly confidential material.  For the avoidance of doubt, the receiving party's counsel of record shall not furnish, show, or disclose highly confidential discovery material to the receiving party's client(s) without the prior written consent of the producing party or by Order of the Court, or unless otherwise permitted by Section 4(c);

2. For a corporate party, in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation, with the understanding that such in-house counsel is bound by the terms of this Protective Order with respect to such highly confidential material;

3. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. The Court, court personnel, and court reporters and their staff;

5. Copy or imaging services retained by counsel to assist in the duplication of highly confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any highly confidential material to third parties and to immediately return all originals and copies of any highly confidential material;

6. During their depositions, witnesses in the litigation to whom disclosure is reasonably necessary and who has signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed to by the producing party or ordered by the Court.  Pages of transcribed deposition testimony or exhibitions to depositions that reveal highly confidential material must be separately bound by the court reporter

and may not be disclosed to anyone except as permitted under this

Order;

7. The author or recipient of a document containing the information or a

custodian who possessed or knew the information.

d. Any persons receiving protected material must not reveal that information (including its contents, or any portion or summary of it) or discuss the information (including its contents, or any portion or summary of it) with any person who is not entitled to receive the information under this Protective Order. Any person receiving protected material must maintain that material in a reasonably secure manner so that it is not further disclosed or used in any manner inconsistent with this Protective Order.

e. <u>Filing Protected Material.</u> Before filing protected material or discussing or referencing such material in court filings, the filing party shall confer with the producing party to determine whether the producing party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

a. <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a producing party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in

a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a telephone conference.

> c. <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the producing party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the producing party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as protected until the Court rules on the challenge.

6. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

> a. The inadvertent production of any discovery material in this litigation will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("privileged material"), and the protections under this Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

>> 1. If a producing party believes that privileged material was inadvertently produced, the producing party may notify any party that received the privileged material of the claim of privilege and the basis for the material being privileged. After receipt of this written notice from the producing party, the receiving party must promptly return or take commercially reasonable efforts to sequester or destroy the privileged material and any copies in its possession, custody or control, and take reasonable steps to retrieve the information if the party disclosed it

before being notified.  Each receiving party shall make no further use of the privileged material other than potentially to challenge the assertions of privilege under Fed. R. Civ. P. 26(b)(5)(B).

2.  The receiving party must notify the producing party in writing within fifteen (15) calendar days of receiving written notice pursuant to Paragraph 6(a) whether it objects to the designation of the material as privileged or protected, or the privileged material in question shall be deemed privileged or protected.  Within seven (7) calendar days of the receipt of an objection, the receiving party and the producing party must meet and confer in an effort to resolve any disagreement regarding the producing party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the receiving party may promptly present the privileged material to the Court under seal for a determination of the producing party's claim of privilege or protection.  While any application of this kind is pending, the privileged material subject to that application must be treated by the receiving party as privileged or protected until the Court rules.  If the Court determines that such material is privileged or protected, the receiving party must immediately return or take commercially reasonable efforts to destroy the inadvertently disclosed privileged material and all copies of it.  The producing party has the burden of showing that the discovery material at issue is privileged or protected.  Nothing in this Protective Order prevents any party from objecting to the designation of any discovery material as privileged or protected, or from seeking further protection for any material it produces in discovery.

b.      If the receiving party learns that, by inadvertence or otherwise, it has

disclosed protected material to any person or in any circumstance not authorized under this

Protective Order, the receiving party must immediately (a) notify in writing the producing party

of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

protected material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Protective Order, and (d) request that such person or persons

executed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as

Exhibit A.

7.      NON TERMINATION AND RETURN OF DOCUMENTS

a.      This Protective Order will, absent written permission of the producing

party with respect to any protected material or further order of the Court continue to be binding

throughout and after the conclusion of the litigation, including without limitation any appeals,

subject to the rules of any appellate court that may override this Protective Order in any or all

respects.  Unless otherwise ordered by the Court or agreed in writing by a producing party,

within one hundred eighty (180) calendar days after the final termination of the litigation by

settlement or exhaustion of all appeals, all protected material produced or designated and all

reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option

of the producing party, which option shall be communicated in writing to the receiving party

promptly.  In the event that the producing party opts for destruction of its protected material, the

receiving party shall certify, in writing, within one hundred (180) days of the final termination of

the litigation that it has undertaken its best efforts to destroy such protected material, and that

such protected material has been destroyed to the best of its knowledge.   These best efforts need

not include destroying protected material residing on back-up tapes or other disaster recovery

systems.  Notwithstanding the foregoing, each party may retain any privileged documents or

work product containing or referring to protected material, one complete set of Court filings,

records of Court proceedings, correspondence among counsel, deposition transcripts, and exhibits marked at depositions.

b.      This Protective Order may be changed only by further agreement of all parties in writing and/or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Protective Order by application to the Court on notice to the other parties to this stipulated Protective Order.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

a.      If any receiving party receives a subpoena or other legal process commanding the production of discovery material (the "demand"), and the demand seeks discovery material that was designated as "confidential" or "highly confidential" by someone other than the receiving party, the receiving party must (i) give written notice by hand or e-mail (which e-mail will be considered delivered when sent) promptly, within five (5) business days after receipt of the demand, to the relevant producing party who designated the material "confidential" or "highly confidential" and (ii) shall not produce any protected material, unless court-ordered or otherwise required by law, in response to the demand until the passage of ten (10) business days after notice to the producing party.  The burden of opposing the enforcement of the demand will fall solely upon the producing party who designated the discovery material as "confidential" or "highly confidential."  If, within ten (10) business days of receiving such notice, the producing party gives notice to the receiving party that the producing party opposes production of its protected material, the receiving party shall object to the demand, citing this Protective Order, and not thereafter produce such protected material, except as required by law. The producing party shall be solely responsible for pursing any objection to the requested production.  Nothing in this Protective Order requires the receiving party or anyone else covered by this Protective Order to challenge or appeal any order directing production of protected material covered by this Protective Order, or to subject himself, herself, or itself to any penalties

1  for noncompliance with any legal process or order, or to seek any relief from any court.  In the

2  event that protected material is produced to a non-party to this Protective Order in response to a

3  demand, such discovery material shall continue to be treated in accordance with the designation

4  as confidential discovery material or highly confidential discovery material by the parties to this

5  Protective Order.

6         9.      <u>SIGNING IN COUNTERPART</u>

7            a.      This Protective Order may be signed by fax or PDF signature and may be

8  signed in one or more counterparts, each of which will be deemed to constitute an original, but

9  all of which together constitute one agreement.

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 26, 2019

/s/ Colin M. George

Colin M. George
**ARDENT LAW GROUP, PLLC**
2003 Western Avenue, Suite 345
Seattle, WA 98121
cgeorge@ardentlaw.com

*Local Counsel for Lead Plaintiffs*

Laurence M. Rosen
Jonathan Stern
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 686-1060
lrosen@rosenlegal.com
jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiffs*

/s/ Sean C. Knowles

Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000
sknowles@perkinscoie.com

/s/ Matthew D. Ingber

Matthew D. Ingber (*pro hac vice*)
Joseph De Simone (*pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
mingber@mayerbrown.com
jdesimone@mayerbrown.com

Kelly Kramer (*pro hac vice*)
Stephanie C. Robinson (*pro hac vice*)
**MAYER BROWN LLP**
1999 K Street N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 7th day of November 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [D A T E] in

the case of *In re Zillow Group, Inc. Securities Litigation*, Case No. C17-1387-JCC, I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____