THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE ZILLOW GROUP, INC. SECURITIES LITIGATION | CASE NO. C17-1387-JCC<br><br>ORDER |

Pursuant to the parties' stipulation and proposed order (Dkt. No. 106), the Court ENTERS the following:

WHEREAS, by an Order dated October 28, 2020, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a Class consisting of:

> All persons who purchased or otherwise acquired Zillow securities between November 17, 2014 and August 8, 2017, both dates inclusive, excluding Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

The Parties, having conferred, stipulate and, subject to the Court's approval, agree as follows[1]:

---

[1] On November 12, 2020, Defendants filed, in the Ninth Circuit, a petition for leave to appeal the Court's October 28, 2020 class certification order pursuant to Fed. R. Civ. P. 23(f) ("23(f) Petition"). In entering into this Stipulation, Defendants do not waive, and expressly preserve, all

ORDER
C17-1387-JCC
PAGE - 1

1.      The Parties agree to the use of the form of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached as Exhibits 1 and 2, respectively.

2.      The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B), as they clearly and concisely state in plain and easily understood language all of the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the Class claims, issues or defenses; (d) a Class member's right to enter an appearance through an attorney if the member so desires; (e) a Class member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a Class judgment on members under Federal Rule of Civil Procedure 23(c)(3). The Notices, method, and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3.      Plaintiffs select Strategic Claims Services as the Notice Administrator.

4.      Defendant Zillow Group, Inc. ("Zillow") shall use reasonable efforts to, within twenty-one (21) calendar days after entry of the accompanying Order for Approval of Notice and Summary Notice (the "Order") and at no cost to the Class, have its transfer agent provide or cause to be provided to the Notice Administrator security holder records (consisting of the security holder names, addresses, and email addresses to the extent the transfer agent has access to them) in electronic form, identifying all persons or entities who purchased Zillow securities during the period from November 17, 2014, through August 8, 2017, both dates inclusive. Class Counsel shall be responsible for all other costs associated with disseminating the Notices.

5.      Not later than thirty (30) calendar days from entry of the Order ("Notice Date"), the Notice Administrator shall cause the Summary Notice, substantially in the form attached

---

arguments in opposition to class certification, including but not limited to those set forth in the 23(f) Petition.

hereto as Exhibit 2, to be either (a) emailed to Class Members for whom the Notice Administrator is able to obtain email addresses or (b) mailed, by first-class mail, postage prepaid, to Class Members at the addresses set forth in the records provided by Zillow's transfer agent, if no email address can be obtained pursuant to paragraph 4 above, or who may otherwise be identified with reasonable effort.

6. The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased Zillow securities during the period from November 17, 2014, through August 8, 2017, both dates inclusive. Such nominees shall, within seven (7) calendar days of receipt of the notice, either: (a) request sufficient copies of the Summary Notice from the Notice Administrator to mail to the beneficial owners and, within seven (7) calendar days of receipt of those Summary Notices, mail the Summary Notice to all such beneficial owners; (b) request an electronic copy of the Summary Notice from the Notice Administrator and, within seven (7) calendar days of receipt of the electronic Summary Notice, email the Summary Notice to beneficial owners; or (c) provide a list of the names, addresses, and email addresses, to the extent email addresses are available, of all such beneficial owners to the Notice Administrator, whereafter the Notice Administrator is ordered to send the Summary Notice promptly to such identified beneficial owners. If the Notice Administrator receives an email address for a beneficial owner, the Notice Administrator shall email the Summary Notice to the beneficial owner. Nominees who elect to send the Summary Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing and/or emailing of the Summary Notice was made and shall retain their mailing and/or emailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.  The reimbursement

to nominees shall not exceed $0.05 per name, address, and email address provided to the Notice Administrator; $0.05 per Summary Notice actually emailed by nominees; or $0.40 per Summary Notice mailed directly to beneficial owners by nominees.

7. Contemporaneously with the mailing of the Summary Notice, the Notice Administrator shall cause a copy of the Notice, substantially in the form attached hereto as Exhibit 1, to be posted on the Notice Administrator's website, www.strategicclaims.net/Zillow, from which Class Members may download copies of the Notice.

8. The Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *Investor's Business Daily* and issued over *GlobeNewswire* within ten (10) calendar days of the mailing of the Summary Notice.

9. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to be excluded from the Class shall mail a written request by first class mail, postmarked no later than 60 calendar days from the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *In re Zillow Group, Inc. Securities Litigation*, Case No.: C17-1387-JCC, and it must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of Zillow securities purchased, acquired, sold and/or disposed during the Class Period, as well as the dates and prices of each such purchase, acquisition, sale and/or disposition; (iii) be signed by the person or entity requesting exclusion, or an authorized representative thereof; and (iv) include account documentation reflecting the person or entity's purchase and sale of Zillow securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

10. Any Class Member who retains separate counsel in connection with this matter must enter an appearance, as set out in the Notice, no later than seventy-five (75) calendar days after the Notice Date. Within eighty (80) calendar days after the Notice Date, Class Counsel will forward to counsel for Defendants any notices of appearance that were mailed to Class Counsel but not filed with the Court.

11. Class Counsel shall file with the Court proof of mailing of the Summary Notice, proof of publication of the Summary Notice, and proof of posting of the Notice on the Notice Administrator's website within ten (10) business days following Summary Notice publication date. Class Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class within fourteen (14) calendar days following the expiration of the exclusion deadline.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

...

1  Dated this 28th day of December, 2020

| By: /s/ Colin George<br>Colin George<br>**Granite Spire Law Group, PLLC**<br>2003 Western Ave, Suite 345<br>Seattle, WA 98121<br>P: (206) 493-1568<br>F: (206) 770-7507<br>TF: (855) 579-9665<br><br><br>By: /s/ Laurence M. Rosen<br>Laurence M. Rosen, Esq. (*pro hac vice*)<br>(NY Bar No. 2255214)<br>Jonathan Stern, Esq. (*pro hac vice*)<br>(NY Bar No. 4758900)<br>**The Rosen Law Firm, P.A.**<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060<br>Facsimile: (213) 226-4684<br>Email: lrosen@rosenlegal.com<br>Email: jstern@rosenlegal.com<br><br>*Counsel for Lead Plaintiffs* | By: /s/ Sean C. Knowles<br>Sean C. Knowles, WSBA No. 39893<br>**PERKINS COIE LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>(206) 359-8000<br>sknowles@perkinscoie.com<br><br>By: /s/ Matthew D. Ingber<br>Matthew D. Ingber (*pro hac vice*)<br>Joseph De Simone (*pro hac vice*)<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>(212) 506-2500<br>mingber@mayerbrown.com<br>jdesimone@mayerbrown.com<br><br>Kelly Kramer (*pro hac vice*)<br>Stephanie C. Robinson (*pro hac vice*)<br>**MAYER BROWN LLP**<br>1999 K Street N.W.<br>Washington, D.C. 20006<br>(202) 263-3000<br><br>*Counsel for Defendants* |
|---|---|

Pursuant to the above Stipulation, **IT IS SO ORDERED**.

  DATED this 14th day of January 2021.

  *[signature]*

  John C. Coughenour
  UNITED STATES DISTRICT JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| IN RE ZILLOW GROUP, INC. SECURITIES LITIGATION | CASE NO. C17-1387-JCC |

**NOTICE OF PENDENCY OF CLASS ACTION**

**To:** All persons who purchased or otherwise acquired Zillow Group, Inc. ("Zillow" or the "Company") securities[1] between November 17, 2014 and August 8, 2017, both dates inclusive (the "Class Period").

*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

1. The "Class," as certified by the United States District Court for the Western District of Washington (the "Court"), consists of:

    All persons who purchased or otherwise acquired Zillow securities between November 17, 2014 and August 8, 2017, both dates inclusive, excluding Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

2. This Notice is directed to you because you may be a member of the Class. If you are a member of the Class, your rights will be affected by this Action. If you do not meet the Class definition, this Notice does not apply to you. If you are uncertain whether you are a member of the Class, contact Class Counsel, whose information is listed in paragraph 17 below, or your own attorney.

---

[1] The term "securities" includes Class A common stock (CUSIP #98954M101); Class C capital stock (CUSIP #98954M200); 2% convertible senior notes due 2021 (CUSIP #98954MAA9); and 2.75% convertible senior notes due 2020 (CUSIP #_____)

3. This Notice is not an admission by defendants or an expression of any opinion of the Court concerning the merits of the above-captioned action (the "Action"), or a finding by the Court that the claims asserted by the class representatives, Jo Ann Offutt, Raymond Harris, and Johanna Choy (the "Class Representatives" or "Plaintiffs"), in this case are valid. This Notice is intended solely to advise you of the pendency of the Action and of your rights in connection with it. There is no settlement or monetary recovery at this time. Defendants have denied the Class Representatives' claims and contend that they are not liable for any of the harm alleged by the Class Representatives.

4. The Class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**PLEASE DO NOT CALL OR WRITE THE COURT.**

**OVERVIEW AND STATUS OF THIS ACTION**

5. This Action is the consolidation of two related class action lawsuits filed in August and September of 2017.

6. On January 5, 2019, the Court entered an Order appointing Jo Ann Offutt, Raymond Harris, and Johanna Choy, as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995. The Court also approved Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel for the putative class ("Class Counsel").

7. This Action was filed on September 14, 2017 in the United States District Court for the Western District of Washington. Plaintiffs filed a Consolidated Amended Complaint on February 16, 2018. Defendants moved to dismiss on April 5, 2018. The Court Dismissed the First Amended Complaint on October 2, 2018 with leave to replead. Plaintiffs filed the Second Amended Complaint on November 16, 2018 (the "Complaint"). The Complaint alleges that Zillow, Spencer Rascoff, and Kathleen Phillips violated the federal securities laws by making false or misleading statements or omissions by falsely assuring investors that Zillow's "co-marketing program" complied with Section 8(a) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, 2607. The Complaint alleges that the co-marketing program was in reality designed to allow participating real estate agents to refer mortgage business to participating lenders in violation of (*Id*. at 8.) Plaintiffs assert that Defendants made a series of misleading statements regarding Zillow's legal compliance by failing to disclose the co-marketing program's alleged illegality, particularly after the Consumer Financial Protection Bureau ("CFPB") launched an investigation into the program. (*Id*.). The Complaint alleges that these allegedly false and misleading statements and omissions caused Class Members to suffer damages when the true facts entered the market for Zillow's stock. Plaintiffs allege that Defendants' misrepresentations about Zillow's legal compliance caused them to purchase the Company's stock at artificially inflated prices.

2

8. On December 17, 2018, Defendants moved to dismiss the Complaint for failure to state a claim.

9. On April 19, 2019, the Court entered an order denying Defendants' motion to dismiss.

10. On May 3, 2019, Defendants filed their answer to the Complaint. Defendants denied all alleged wrongdoing.

## YOUR RIGHTS AS A CLASS MEMBER IN THIS ACTION

11. A class action is a type of lawsuit in which one or more individuals and/or entities prosecute claims on behalf of all members of a group of similarly-situated persons and entities to obtain monetary or other relief for the benefit of the entire group. Class actions avoid the necessity of each member of a class having to file his, her or its own separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class.

12. If you purchased or acquired Zillow securities during the period from November 17, 2014 through August 8, 2017, inclusive, and you are not excluded from the Class, you are a member of the Class. Excluded from the class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. If you are a member of the Class, you have the right to decide whether to remain a member of the Class. If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedure set forth in paragraph 14 below. ***If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions in Zillow securities.*** Your decision is important for the following reasons:

    a. **If you choose to remain a member of the Class**, you will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable. If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court after a trial, you may be eligible to receive a share of that award. However, if you remain a member of the Class, you may not pursue a lawsuit on your own behalf with regard to any of the claims in this Action. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a future settlement or judgment in the Action after a trial. If you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or costs. Class Counsel have agreed to represent the Class on a contingent fee basis, which means that they will be awarded fees and costs to

be approved by the Court only if they succeed in obtaining a recovery from one or more Defendants.  Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class.  As a member of the Class, you will be represented by Class Counsel.  You may remain a member of the Class and elect to be represented by counsel of your own choosing.  If you do retain separate counsel, you will be responsible for those attorneys' fees and expenses, and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the address set forth in paragraph 17 below on or before [75 calendar days from Notice Date].

    b. **If you choose to be excluded from the Class**, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.  You will retain any right you have to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in the Action.  Please refer to paragraph 14 below if you would like to be excluded from the Class.

13. Members of the Class will be eligible to participate in any recovery that might be obtained in the Action.  While this Notice is not intended to suggest any likelihood that a recovery may be obtained for Class Representative or members of the Class, should there be a recovery, members of the Class will be required to support their requests to participate in the distribution of any such recovery by demonstrating their membership in the Class and documenting their purchases and sales of Zillow securities and their resulting damages.  ***For this reason, please be sure to keep all records of your transactions in these securities***.

## HOW TO EXCLUDE YOURSELF FROM THE CLASS

14. If you wish to be excluded from the Class, you must specifically request exclusion in accordance with the following procedures.  To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Zillow Group, Inc. Securities Litigation*, Case No.: C17-1387-JCC."  Your request must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of Zillow securities purchased, acquired, sold and/or disposed during the Class Period, as well as the dates and prices of each such purchase, acquisition, sale, and/or disposition; (iii) be signed by the person or entity requesting exclusion, or an authorized representative thereof; and (iv) include account documentation reflecting your purchase and sale of Zillow securities during the Class Period.  ***You must mail your exclusion request, postmarked no later than [60 calendar days from Notice Date]***, to the Notice Administrator at the following address:

*Zillow Group, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230

4

600 North Jackson Street, Suite 205
Media, PA 19063

You cannot exclude yourself from the Class by telephone or by email. A request for exclusion shall not be effective unless it contains all the information called for by this paragraph and is postmarked by the date stated above, or it is otherwise accepted by the Court.

15. If your request for exclusion complies with the requirements set forth above, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.

16. Do not request exclusion from the Class if you wish to participate in this Action as a member of the Class.

### CLASS COUNSEL

17. As a member of the Class, you will be represented by Class Counsel, who is:

Laurence M. Rosen, Esq.
Jonathan Stern, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060

18. As noted above, unless you elect to retain your own personal lawyer, by remaining in the Class, you will not subject yourself to any direct obligations to pay the costs of the litigation. In the event there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount approved by the Court. If there is no recovery, Class Counsel will not receive any attorneys' fees or reimbursement of expenses.

### WHERE YOU CAN FIND ADDITIONAL INFORMATION

19. This Notice gives only a summary of the lawsuit and the claims asserted by Class Representatives. For more detailed information regarding the Action, you may contact Class Counsel or visit the website at www.strategicclaims.net/Zillow.

**PLEASE DO NOT CALL OR WRITE THE COURT.**

### NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

5

20. If, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Zillow securities during the period from November 17, 2014, through August 8, 2017, inclusive, you must, within seven (7) calendar days of receipt of the notice, either: (a) request sufficient copies of the Summary Notice from the Notice Administrator to mail to beneficial owners and, within seven (7) calendar days of receipt of those Summary Notices, mail the Summary Notice to all such beneficial owners; (b) request an electronic copy of the Summary Notice from the Notice Administrator and, within seven (7) calendar days of receipt of the electronic Summary Notice, email the Summary Notice to beneficial owners; or (c) provide a list of the names, addresses, and email addresses, to the extent email addresses are available, of all such beneficial owners to the Notice Administrator at *Zillow Group, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063, toll-free: (866) 274-4004, fax: (610) 565-7985, info@strategicclaims.net.  If you choose the first option, you must send a statement to the Notice Administrator confirming that the mailing and/or emailing was made, and you must retain your mailing and/or emailing records for use in connection with any further notices that may be provided in the Action.  If you choose the second option, the Notice Administrator will send a copy of the Summary Notice to the beneficial owners by email, if provided an email address, or otherwise by mail.  Upon full compliance with these directions, such nominees may seek reimbursement of their expenses not to exceed $0.05 per name and address, if names and address are provided to the Notice Administrator; $0.05 per email sent, if the nominee emails the Summary Notice directly to the beneficial owners; or $0.05 plus postage at the rate used by the Notice Administrator per Summary Notice, if the nominee elects to mail directly to beneficial owners.

Dated: _____, 2020

BY ORDER OF THE COURT:
United States District Court
for the Western District of Washington

# Exhibit 2

**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
IN RE ZILLOW GROUP, INC. SECURITIES LITIGATION – Case No.: C17-1387-JCC **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**To:** All persons and/or entities that purchased or otherwise acquired Zillow Group, Inc. ("Zillow") securities during the period from November 17, 2014, through August 8, 2017, both dates inclusive (the "Class Period").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Washington, that the following class has been certified in the above-captioned action (the "Action"): All persons who purchased or otherwise acquired Zillow securities between November 17, 2014 and August 8, 2017, both dates inclusive, excluding Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action (the "Notice") can be downloaded from www.strategicclaims.net/Zillow or by contacting the Notice Administrator: *Zillow Group, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063; Tel: 866-274-4004; Fax: (610) 565-7985.

If you did not receive this Summary Notice by email or by mail, and you are and decide to remain a member of the Class, please send your name and address to the Notice Administrator so that if any further notices are disseminated in connection with the Action, you will receive them. Inquiries, other than requests for the Notice, may be made to Class Counsel: Laurence Rosen, Esq. or Jonathan Stern, Esq., THE ROSEN LAW FIRM, P.A., 275 Madison Avenue, 34th Floor, New York, New York, 10016. If you are a Class Member, you have the right to decide whether to remain a member of the Class. *If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions in Zillow securities.* You will automatically be included in the Class unless you exclude yourself from the Class. If you do not wish to remain a member of the Class, you must exclude yourself from the Class. If you do not exclude yourself from the Class, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any order or judgment in the Action, and you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than _____, in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator. **Please do not call the Court with questions.**

Dated: _____, 2020 BY ORDER OF THE COURT
United States District Court
For the Western District of Washington