The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re Zillow Group, Inc.
Securities Litigation

No. 2:17-cv-01387-JCC

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of March 31, 2023 (together with all Exhibits hereto, "Stipulation"), which is entered into, by and through their undersigned attorneys, between (i) Class Representatives Johanna Choy, Raymond Harris, Jo Ann Offutt ("Class Representatives"), on behalf of themselves and the Class (as defined herein) and (ii) Zillow Group, Inc. ("Zillow"), Spencer M. Rascoff, and Kathleen Philips ("Defendants" and with Class Representatives, "Parties"), states all of the terms of the settlement and resolution of this matter by the Parties, and is intended by the Parties to fully and finally compromise, settle, release, resolve, remise, discharge, and dismiss with prejudice the above-captioned action ("Action") and all Released Claims (as defined herein) against the Released Parties (as defined herein), as set forth below.

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 (entitled "Definitions"), below.

**WHEREAS:**

### The Action

A.      On August 22, 2017, the action *Vargosko v. Zillow Group, Inc., et al*., Case No. 2:17-cv-06207, was filed in the U.S. District Court for the Central District of California, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act")

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

(the "*Vargosko* Action"). On September 14, 2017, the action *Shotwell v. Zillow Group, Inc., et al.*, Case No. 2:17-cv-01387 (W.D. Wash.) was commenced alleging the same claims (the "*Shotwell* Action"). Dkt. No. 1.[1]

B.      Pursuant to a Private Securities Litigation Reform Act of 1995 ("PSLRA") notice, on October 23, 2017, Class Representatives, timely filed a motion seeking appointment as lead plaintiffs and approval of their counsel, The Rosen Law Firm, P.A. ("Rosen Law"), in the *Vargosko* Action.

C.      On November 15, 2017, the *Vargosko* Action was transferred to this Court.

D.      On November 16, 2017, Plaintiff James Shotwell filed an amended complaint in the *Shotwell* Action, adding claims under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"). Dkt. No. 10.

E.      On December 15, 2017, Class Representatives filed a renewed motion seeking appointment as Lead Plaintiffs, approval of Rosen Law as Lead Counsel, and to consolidate the *Vargosko* Action and the *Shotwell* Action. Dkt. No. 15. On January 5, 2018, the Court granted Class Representatives' motion, consolidated the actions and restyled the action as *In re Zillow Group, Inc. Securities Litigation,* Case No. 2:17-cv-01387-JCC (W.D. Wash.) (as defined below as the "Action"). The Court appointed Class Representatives as Lead Plaintiffs, appointed Rosen Law as Lead Counsel, and appointed Hall & George PLLC as Local Counsel. Dkt. No. 29.[2]

F.      Class Representatives filed the Consolidated Amended Complaint on February 16, 2018 (Dkt. No. 35) and Defendants filed a motion to dismiss on April 5, 2018. Dkt. No. 36. Class Representatives opposed the motion to dismiss on May 21, 2018 (Dkt. No. 39), and Defendants filed a reply on June 20, 2018. Dkt. No. 42. On October 2, 2018, the Court granted Defendants' motion to dismiss, permitting Class Representatives leave to amend the Exchange Act claims and dismissing the Securities Act claims with prejudice.

---

[1] Citations to docket numbers are to the *Shotwell* Action.

[2] Colin M. George, formally of Hall & George PLLC, currently is associated with Praesidio Consumer Law PLLC. Mr. George has served as Local Counsel for Class Representatives since the transfer of the *Vargosko* Action to this Court.

G.      Class Representatives timely filed the operative Second Consolidated Amended Complaint on November 16, 2018. Dkt. No. 47. On December 17, 2018, Defendants filed a motion to dismiss (Dkt. No. 50), which Class Representatives opposed on January 16, 2019. Dkt. No. 51. The motion was fully briefed on February 6, 2019 with the filing of Defendants' reply. Dkt. No. 53. On April 19, 2019, the Court denied Defendants' motion to dismiss. Dkt. No. 54. Defendants filed an Answer on May 3, 2019. Dkt. No. 55.

H.      The Parties began discovery in the fall of 2019. The Parties exchanged documents, interrogatories, and requests for admission, and conducted numerous fact witness depositions.

I.      With fact discovery underway, on October 11, 2019, Class Representatives filed a motion for class certification, including a report from a market efficiency expert, Dr. Zachary Nye. Dkt. No. 74.

J.      Defendants deposed all three Class Representatives in February 2020 and deposed Dr. Nye on March 10, 2020.

K.      On March 20, 2020, Defendants filed their opposition to the class certification motion, including an expert report from Lucy P. Allen. Dkt. Nos. 86-87.

L.      On May 29, 2020, Class Representatives filed their reply in further support of their motion for class certification, including a rebuttal report from Dr. Nye. Dkt. Nos. 92-93.

M.      On October 28, 2020, the Court certified the Class. Dkt. No. 100.

N.      On November 12, 2020, Defendants petitioned the Ninth Circuit for interlocutory appeal of the Court's order granting class certification. *Jo Ann Offutt, et al., v. Zillow Group, Inc., et al.*, Case No. 20-80155 (9th Cir.). Class Representatives opposed the request for interlocutory appeal on November 24, 2020. On February 17, 2021, the Ninth Circuit denied Defendants' petition for interlocutory appeal.

O.      On March 8, 2021, Class Representatives informed the Court that Strategic Claims Services ("SCS"), on the Class Representatives' behalf, notified Zillow investors that the

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

Court had certified the Class and notified investors of their options in the Action. Dkt. No. 111. Class Representatives filed SCS's supplemental declaration on April 28, 2021. Dkt. No. 114.

P.      The Parties completed fact discovery on November 17, 2021. The Parties subsequently exchanged both affirmative and rebuttal expert reports.

## The Settlement

Q.      The Parties participated in two mediation sessions, neither of which resulted in settlement: (i) a session with Michelle Yoshida of Phillips ADR on October 30, 2020; and (ii) a session with Layne Phillips (Ret.) of Phillips ADR, on January 24, 2022.  Both mediation sessions involved the exchange of detailed opening and reply mediation statements.

R.      In the summer of 2022, the Parties began settlement talks directly. The Parties discussed settlement over the phone multiple times, and conducted a full day settlement meeting on October 11, 2022. At that meeting the Parties reached a settlement in principle.

S.      This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

## Defendants' Denial of Wrongdoing and Liability

T.      Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have denied, and continue to deny, the allegations that Class Representatives or any Class Member has suffered damages or was harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and have agreed to enter into the Settlement set forth in this Stipulation solely to avoid the expense, time and uncertainty associated with the Action.

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

U.      Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

**Class Representatives' Claims and Benefits of Settlement**

V.      Class Representatives believe that the claims they asserted in the Action on their own behalf and on behalf of the Class have merit. Class Representatives, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Class Representatives have also taken into account the uncertain outcome and the risk of any litigation. In particular, Class Representatives considered the challenges of conducting further discovery, the risks associated with anticipated motions for summary judgment, and the risk of trial and any subsequent appeals. Class Representatives determined, therefore, that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Class.

**NOW, THEREFORE,** without any concession by the Class Representatives that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, **IT IS HEREBY STIPULATED AND AGREED** by and among Class Representatives (on their behalf and on behalf of each of the Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon and subject to the following terms and conditions:

**1.      Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**      "Action" means the class action captioned *In re Zillow Group, Inc. Securities Litigation,* Case No. 2:17-cv-01387-JCC (W.D. Wash.).

**1.2.**    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation: (i) the costs of publishing and disseminating the Notice to Class Members; (ii) the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court,; (iii) the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants; and (iv) fees related to the Escrow Account, including Escrow Agent costs. Administrative Costs do not include legal fees.

**1.3.**    "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.**    "Award to Class Representatives" means the requested reimbursement to the Class Representatives for their reasonable costs and expenses directly related to their representation of the Class in the Action.

**1.5.**    "Business Day" means any day except Saturday, Sunday, or any legal holiday as defined by Federal Rule of Civil Procedure 6(a)(6).

**1.6.**    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall permit.

**1.7.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

**1.8.**  "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

**1.9.**  "Class" means the Court-certified Class consisting of all persons who purchased or otherwise acquired Zillow securities between November 17, 2014 and August 8, 2017, both dates inclusive, excluding Defendants herein, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are persons or entities who filed valid and timely requests for exclusion in accordance with the Court's Orders dated October 28, 2020 and January 14, 2021.

**1.10.**  "Class Counsel" means The Rosen Law Firm, P.A.

**1.11.**  "Class Representatives' Counsel" means The Rosen Law Firm, P.A.,, Praesidio Consumer Law PLLC and such additional counsel that may work at the direction of Class Counsel.

**1.12.**  "Class Member" means any one of, and "Class Members" means all of, the members of the Class.

**1.13.**  "Class Period" means the period from November 17, 2014 through August 8, 2017, both dates inclusive.

**1.14.**  "Court" means the United States District Court for the Western District of Washington.

**1.15.**  "Defendants" means Zillow Group Inc., Spencer M. Rascoff, and Kathleen Philips.

**1.16.**  "Defense Counsel" means Mayer Brown LLP and Perkins Coie LLP.

**1.17.**  "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at the Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Class Representatives and the Class in accordance with the terms of the Stipulation and any order of

the Court. Unless this Stipulation otherwise permits, no amount shall be withdrawn from the Escrow Account prior to the Effective Date absent written approval of Defendants or their counsel, or an order of the Court after notice to Defendants.

**1.18.**   "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.19.**   "Effective Date" shall have the meaning set forth in ¶9.4 of this Stipulation.

**1.20.**   "Final" when referring to the Final Judgment means: (i) the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal or request for review is filed, the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by *certiorari* or otherwise; provided, however, that any dispute or appeals relating solely to the amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final and shall not otherwise preclude the Final Judgment from becoming Final.

**1.21.**   "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

**1.22.**   "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

**1.23.**   "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; and (iv) other fees and expenses authorized by the Court.

**1.24.**   "Notice" means collectively, the Long Notice, the Summary Notice, and the Postcard Notice, which are to be made available to Class Members substantially in the forms

attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed to Class Members.

**1.25.** "Party" means any one of, and "Parties" means all of Defendants and Class Representatives (on behalf of themselves and the Class).

**1.26.** "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.27.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. The Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability, with respect thereto.

**1.28.** "Postcard Notice" means the Postcard Notice, alerting potential Class Members to the availability of the Notice and containing instructions on how Class Members can obtain copies of the Notice and Proof of Claim either by electronic means or by mail, substantially in the form attached hereto as Exhibit A-4.

**1.29.** "Preliminary Approval Order" means an order preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form of the proposed order attached hereto as Exhibit A.

**1.30.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.31.** "Related Parties" means, with respect to each Released Party, the immediate family members, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

controlling interest, and their present and former parents, subsidiaries, variable interest entities, divisions, affiliates, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, and agents, and the predecessors, heirs, administrators, successors and assigns of the foregoing.

**1.32.** "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶1.39) that have been or could have been asserted by or on behalf of any of the Releasing Parties, in any capacity, which arise out of, are based upon, or concern or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Zillow publicly traded securities during the Class Period, including but not limited to any claims alleged in the Action and any claims related to the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action. Notwithstanding the foregoing, "Released Claims" does not include derivative claims asserted in the cases entitled: (i) *In re Zillow Group, Inc. Shareholder Derivative Litigation*, No. 17-cv-01568-JCC (W.D. Wash.); and (ii) *In re Zillow Group, Inc. Shareholder Derivative Litigation*, No. 17-2-29103 SEA, Superior Court, Washington State, Kings County. "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

**1.33.** "Released Parties" means Defendants and each and all of their Related Parties, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

**1.34.** "Releasing Parties" means Class Representatives, each and every Class Member and each of their respective parent entities, associates, affiliates, subsidiaries,

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

**1.35.**   "Settlement" means the settlement contemplated by this Stipulation.

**1.36.**   "Settlement Amount" means fifteen million dollars ($15,000,000).

**1.37.**   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.38.**   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.39.**   "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

**1.40.**   "Unknown Claims" means all and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in their favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected their settlement with and release of the Released Parties, or might have affected their decision(s) with respect to the Settlement and the Released Claims, including their decision to object or not to object to this Settlement. The Parties and the Releasing Parties, by operation of the Final Judgment shall be deemed to, and expressly acknowledge that he, she, it or they shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of*

Case 2:17-cv-01387-JCC   Document 173   Filed 03/31/23   Page 12 of 36

*executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Class Representatives, Releasing Parties, and/or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Class Representatives and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

2.      **The Settlement Consideration**

2.1.      In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, Defendants shall pay, or cause their insurers to pay the Settlement Amount of $15,000,000 into the Escrow Account, for the benefit of the Class, within twenty-one (21) days of: (i) entry of the Preliminary Approval Order; or (ii) the date on which Class Counsel shall have provided Defendants with complete and accurate payment instructions and a W-9 for the Settlement Fund, whichever is later.

2.2.      The full payment of the Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement. Class Representatives and Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever, including, without limitation, as Administrative Costs, as compensation to any Class

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

Member, as payment of Class Representatives' or any Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Class Representatives, any Class Member or Class Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives.

**3.      Handling and Disbursement of Funds by the Escrow Agent**

**3.1.**      No monies will be disbursed from the Settlement Fund prior to the Effective Date except:

**(a)**      As provided in ¶3.4 below;

**(b)**      As provided in ¶8.2 below;

**(c)**      As provided in ¶9.9 below, if applicable; and

**(d)**      To pay Taxes and Tax Expenses (as defined in ¶4.1 below). Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, Defense Counsel, Defendants' insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

**3.3.**      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

**3.4.**     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $750,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, an additional $750,000 may be transferred from the Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.

**4.     Taxes**

**4.1.**     The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Class Counsel shall timely make, or cause to be made via the Escrow Agent, such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Upon written request, the Released Parties will timely provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).

**(a)**     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Class Counsel. Class Counsel shall timely and properly file, or cause to be filed via the Escrow Agent, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

**(b)** All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to (i) any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) the payment or reimbursement by the Settlement Fund of any taxes or tax detriments described in clause (i) ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  The Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)).  The Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the acts or omissions of Class Counsel or the Escrow Agent with respect to the foregoing provided in this ¶4.1.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

## 5. Preliminary Approval Order, Notice Order, and Settlement Hearing

**5.1.** As soon as practicable after execution of this Stipulation, Class Counsel shall submit this Stipulation and its exhibits to the Court and shall move for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A, A-1, A-2, A-

3, and A-4. The Postcard Notice (Exhibit A-4) shall inform potential Class Members of the availability of the Notice either by first class mail, postage pre-paid, or by electronic delivery. The Long Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Class Members.

      5.2.    At the time of the submission described in ¶5.1 hereof, Class Representatives, through Class Counsel, shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein, and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

      5.3.    It shall be Class Counsel's sole responsibility to disseminate the Notice to the Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for class Notice, administration, or the allocation of the settlement amount among Class Members. Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

      5.4.    To assist in dissemination of notice, within seven (7) Business Days after the Court enters a Preliminary Approval Order, Defendants will use their best efforts to provide, or cause to be provided to Class Counsel or the Claims Administrator, a report showing a record of the names of all Zillow shareholders as of the last day of the Class Period ("Class Information"). Defendants shall provide, or cause to be provided, the Class Information at no cost to Class Representatives or Class Counsel. To the extent possible, the Class Information shall be in electronic searchable form, such as an Excel spreadsheet or other form as is reasonably available to Zillow, containing the Class Information. The Parties acknowledge that any information Defendants provide to Class Counsel or the Claims Administrator pursuant to this ¶5.4 shall be treated as confidential and will be used by Class Counsel and/or the Claims

Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

5.5.    Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28 U.S.C. § 1715(b), within the time period set forth in said statute.  Within fourteen (14) calendar days after entry of the Preliminary Approval Order, Defendants shall certify to Class Counsel and file with the Court an affidavit or declaration regarding compliance with CAFA Notice requirements. The Parties agree that they will request, pursuant to 28 U.S.C. § 1715(d), that the Settlement Hearing be scheduled for no earlier than ninety (90) calendar days following the deadline for Defendants to serve the CAFA notice as stated in this paragraph.  Defendants shall be responsible for all costs and expenses related to the creation and service of the CAFA notice.

**6.    Releases and Covenants Not to Sue**

6.1.    The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases and other relief provided for herein. Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund: (i) shall be deemed by this Settlement to have, and by operation of law and of the Final Judgment shall have fully, finally, and forever released, relinquished, compromised, settled, waived, dismissed, and discharged each and all of the Released Claims (including Unknown Claims) against the Released Parties, and shall have covenanted not to sue any of the Released Parties with respect to any of the Released Claims (including any Unknown Claims); (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, instituting, assisting, instigating, pursuing, or in any way participating in, either directly or in any other capacity, the commencement or prosecution of any action or any other proceeding, asserting any of the Released Claims (including any Unknown

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

Claims) against any of the Released Parties or Defense Counsel in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. Nothing contained herein shall bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.     Upon the Effective Date, Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Class Members, Class Representatives' Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties (collectively, the "Class Representatives' Released Parties"). Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.3.     It is understood that Class Representatives and the other Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Released Claims (including Unknown Claims), but the Class Representatives and Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled, and released, any and all Released Claims and Defendants' Released Claims.

6.4.     By entering into this Stipulation, Class Representatives and Class Representatives' Counsel represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims to any

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

other Person, and the Defendants and Defense Counsel represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Defendants' Released Claims to any other Person.

7. **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1.    Under Class Counsel's supervision, acting on behalf of the Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (as defined in ¶7.2) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶4.1 above;

(b)    To pay Administrative Costs;

(c)    To pay Class Representatives' Counsel's attorneys' fees and expenses and any Award to Class Representatives ("Fee and Expense Award"), to the extent allowed by the Court; and

(d)    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶7.2(a), (b), and (c) hereof ("Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants. Defendants, Defense Counsel, Defendants' insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability

whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Class Representatives' Counsel, the Claims Administrator, or any other agent designated by Class Representatives' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

$10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Class Counsel.

7.7.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

7.8.    Any Settlement Class Member who does not submit a timely and valid claim form will be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing, commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against the Released Parties with respect to the Released Claims in the event that the Effective Date occurs with respect to the Settlement.

7.9.    All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

7.10.    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

8.     **Class Representative's Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.     Class Counsel, on behalf of Class Representative's Counsel's, may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Class Representative's Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) an Award to Class Representatives. Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.     Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Class Counsel from the Settlement Fund immediately after the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Class Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defense Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses paid to Class Counsel or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Class Representatives' Counsel agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Class Counsel agrees that the Court may,

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firm should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Class Representatives shall not be paid from the Settlement Fund until after the Effective Date.

8.3.     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.     Any award of attorneys' fees and interest and/or expenses to Class Representative's Counsel or Award to Class Representatives shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Released Party shall have any responsibility for payment of Class Representative's Counsel's attorneys' fees and interest, expenses, or other Award to Class Representatives beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Representative's Counsel, Class Representatives, the Class and/or any other Person who receives payment from the Settlement Fund.

9.     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

9.1.     Class Representatives, on behalf of the Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their

election to do so ("Termination Notice") to all other Parties within fourteen (14) business days of:

        **(a)**    entry of a Court order declining to enter the Preliminary Approval Order in all material respects;

        **(b)**    entry of a Court order refusing to approve this Stipulation in all material respects;

        **(c)**    entry of a Court order declining to enter the Final Judgment in all material respects, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Class Counsel's Fee and Expense Application(s), and any change in the Judgment relating to these items shall not be considered a material change;

        **(d)**    entry of a Court order refusing to dismiss the Action with prejudice; or

        **(e)**    entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review.

        **9.2.**    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Class Representatives, on behalf of the Class, shall have the right in their sole discretion to either: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

        **9.3.**    If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

        **9.4.**    The Effective Date of this Stipulation shall be the first business day on which all of the following events occurs, provided that the Effective Date shall not occur if Zillow has exercised its option to terminate the Settlement Agreement pursuant to ¶9.3:

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

**(a)**     The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**     The Settlement Amount has been paid to the Escrow Account, as set forth in ¶2.1 above;

**(c)**     The Court has approved the Settlement, following notice to the Class and the Settlement Hearing, and has entered the Final Judgment;

**(d)**     The Final Judgment has become Final as defined in ¶1.20; and

**(e)**     The Action has been dismissed with prejudice.

**9.5.**     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**9.6.**     In the event that some or all of the conditions specified in ¶9.4 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement.  However, none of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.

**9.7.**     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties and the Released Parties shall be restored to their respective positions in the Action immediately prior to October 11, 2022, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**9.8.**     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties or the Released Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

9.9.    In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the entity or entities which paid the Settlement Fund, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from said entity or entities. At the request of said entity or entities the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to said entity or entities pursuant to written direction received from said entity or entities.

9.10.    No order of the Court (or modification or reversal on appeal of any order of the Court) concerning the Plan of Allocation, or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**10.    No Admission of Liability or Wrongdoing**

10.1.    The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, is evidence, or an admission, presumption or concession by any Party, or their counsel, any Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Class Member, or any of the Released Parties, or any damages or

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

injury to any Party, Settlement Class Member, or any Released Parties. The Parties acknowledge that Defendants make no admission of fault, liability, or wrongdoing.

**10.2.** Whether or not the Settlement, as embodied in this Stipulation, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, this Stipulation, and any relates statements, negotiations, or proceedings, shall not be offered or received:

**(a)** against the Released Parties, Class Representatives or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Class Representatives or the other Class Members with respect to the truth of any fact alleged by Class Representatives or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

**(b)** against the Released Parties as evidence of a presumption, concession or admission of any wrongdoing, fault, or liability, including (without limitation) any misrepresentation, omission, or violation of the securities laws alleged in the Second Consolidated Amended Complaint;

**(c)** against the Released Parties, Class Representatives or the other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, misrepresentation, omission, or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, or other  action or proceeding; provided, however, that the Released Parties and the Class Representatives' Released Parties may refer to this Settlement to enforce its terms, including (without limitation) any release from liability granted hereunder; shall not be construed against the Released Parties, Defense Counsel, Class Counsel or Class Representatives or the other Class Members as an admission or concession that

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and shall not be construed as or received in evidence as an admission, concession or presumption against Class Representatives or the other Class Members or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Amount.

**11. Miscellaneous Provisions**

**11.1.**   Except in the event of the provision of a Termination Notice pursuant to ¶9 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**11.2.**   Neither Class Representatives nor their counsel will issue any public statement or press release relating to the Settlement without the prior approval of Defendants, which shall not be unreasonably withheld. Class Representatives will send a draft of any proposed public statement or press release forty-eight (48) hours before such announcement is made for review, comment, and approval by Defendants.

**11.3.**   The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) in any way whatsoever any Class Members to object to the Settlement.

**11.4.**   Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

**11.5.**   All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

**11.6.**     This Stipulation and its exhibits constitute the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein. Class Representatives, on behalf of themselves and the Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

**11.7.**     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

**11.8.**     This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

**11.9.**     The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**11.10.**   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**11.11.**   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**11.12.**   This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed

by and construed in accordance with the laws of the State of Washington without regard to conflict of laws principles.

**11.13.**   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**11.14.**   The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**11.15.**   All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**11.16.**   The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action. The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, or the Stipulation. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, and/or the Private Securities Litigation Reform Act of 1995.

**11.17.**   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

**11.18.**   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

**11.19.**   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**11.20.**   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**11.21.**   The Parties agree that, other than disclosures required by law, any public comments from the Parties regarding this resolution will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable negotiated resolution of the Action. For the avoidance of doubt, however, nothing herein shall be construed to apply to comments and related arguments provided by any Party to the Court (including in Court filings) in the context of seeking approval of the Settlement.

**11.22.**   Whether or not this Stipulation is approved by the Court and whether or not the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

1  foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for

2  preliminary or final approval of the settlement.

3  **IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their

4  undersigned counsel effective as of the date set forth below.

Praesidio Consumer Law PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

1   Dated: March  _31_, 2023                    **THE ROSEN LAW FIRM, P.A.**

2                                                By: *Laurence Rosen*
                                                 Laurence M. Rosen, Esq. (*pro hac vice*)
3                                                Email: lrosen@rosenlegal.com
                                                 Jonathan Stern, Esq. (pro hac vice)
4                                                Email: jstern@rosenlegal.com
                                                 275 Madison Avenue, 40th Floor
5                                                New York, NY 10016
                                                 Telephone: (212) 686-1060
6                                                Facsimile: (213) 226-4684
7
8                                                *Class Counsel*

9
                                                 **PRAESIDIO CONSUMER LAW PLLC**
10                                               Colin M. George, WSBA No. 45131
                                                 1916 Pike Place, Suite 12
11                                               Seattle, WA 98101
                                                 (646) 202-0629
12                                               cgeorge@praesidio.law
13
14                                               *Local Counsel for Class Representatives*

15  Dated: March _____, 2023                     **MAYER BROWN LLP**

16                                               By: _____
17                                               Joseph De Simone (*pro hac vice*)
                                                 Matthew D. Ingber (*pro hac vice*)
18                                               Michelle Annunziata (*pro hac vice*)
                                                 1221 Avenue of the Americas
19                                               New York, New York 10020
                                                 (212) 506-2500
20                                               mingber@mayerbrown.com
                                                 jdesimone@mayerbrown.com
21
22                                               Kelly Kramer (*pro hac vice*)
                                                 1999 K Street N.W.
23                                               Washington, D.C. 20006
                                                  (202) 263-3000
24
25                                               *Counsel for Defendants*

26

1    Dated: March _____, 2023                    **PERKINS COIE LLP**

2
                                                 By: _____
3                                                Sean C. Knowles, WSBA No. 39893
                                                 1201 Third Avenue, Suite 4900
4                                                Seattle, WA 98101
                                                 (206) 359-8000
5                                                 sknowles@perkinscoie.com

6                                                *Counsel for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   Dated: March _____, 2023                **THE ROSEN LAW FIRM, P.A.**

2
                                            By: _____
3                                           Laurence M. Rosen, Esq. (*pro hac vice*)
                                            Email: lrosen@rosenlegal.com
4                                           Jonathan Stern, Esq. (pro hac vice)
                                            Email: jstern@rosenlegal.com
5                                           275 Madison Avenue, 40th Floor
                                            New York, NY 10016
6                                           Telephone: (212) 686-1060
                                            Facsimile: (213) 226-4684
7
8                                           *Class Counsel*

9
                                            **PRAESIDIO CONSUMER LAW PLLC**
10                                          Colin M. George, WSBA No. 45131
                                            1916 Pike Place, Suite 12
11                                          Seattle, WA 98101
                                            (646) 202-0629
12                                          cgeorge@praesidio.law
13
14                                          *Local Counsel for Class Representatives*

15  Dated: March _31_, 2023                 **MAYER BROWN LLP**
16
                                            By: _____
17                                          Joseph De Simone (*pro hac vice*)
                                            Matthew D. Ingber (*pro hac vice*)
18                                          Michelle Annunziata (*pro hac vice*)
                                            1221 Avenue of the Americas
19                                          New York, New York 10020
                                            (212) 506-2500
20                                          mingber@mayerbrown.com
                                            jdesimone@mayerbrown.com
21
22                                          Kelly Kramer (*pro hac vice*)
                                            1999 K Street N.W.
23                                          Washington, D.C. 20006
                                             (202) 263-3000
24
25                                          *Counsel for Defendants*
26

1   Dated: March __31__, 2023

**PERKINS COIE LLP**

2   By: _S. CK_

3   Sean C. Knowles, WSBA No. 39893
    1201 Third Avenue, Suite 4900

4   Seattle, WA 98101
    (206) 359-8000

5   sknowles@perkinscoie.com

6   **_Counsel for Defendants_**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26