The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re Zillow Group, Inc.
Securities Litigation

No. 2:17-cv-01387-JCC

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased Zillow Group, Inc. ("Zillow" or the "Company") publicly-traded securities[1] ("Zillow Securities") during the period from November 17, 2014 through August 8, 2017, both dates inclusive ("Class Period"), you could get a payment from a proposed class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $15,000,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Zillow Securities during the Class Period.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $.361 per affected security. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold Zillow Securities, the purchase and sale prices, and the total number and amount of claims filed.

- Attorneys for Class Representatives ("Class Counsel") intend to ask the Court to award them fees of up to one third of the Settlement Amount, or $5,000,000, reimbursement of litigation expenses of no more than $1,500,000, and an award to Class Representatives not to exceed $15,000 each, or $45,000 total ("Fee and Expense Application"). Collectively, the attorneys' fees and expenses and award to Class Representatives are estimated to average $.135 per affected security.  If approved by the Court, these amounts will be paid from the Settlement Fund.

---

[1] Zillow's publicly traded securities include Class A common stock, Class C common stock and 2% Convertible Senior Notes due 2021.

- The Settlement represents an estimated average recovery of $.226 per affected security for the approximately 128 million affected securities during the Class Period, comprising 33,700,000 of Class A Common Stock, 94,100,000 of Class C Common Stock, and 460,000 of Convertible Notes. Securities may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per affected security. The indicated average recovery per security will be the total average recovery for all purchasers of that security. This is not an estimate of the actual recovery per security you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold Zillow Securities, and the total number of claims filed.

- The Settlement resolves the above-captioned Action (defined below) against Zillow and individual defendants Spencer M. Rascoff and Kathleen Philips ("Defendants"). Class Representatives alleged in the Action that Defendants violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to investors. Defendants have denied and continue to deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of Zillow's officers, directors, or employees, and deny that the Class Representatives and the Class have suffered any loss attributable to Defendants' actions.

- The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| **SUBMIT A CLAIM FORM NO LATER THAN _____ \_\_, 2023** | The only way to get a payment. |
|---|---|
| **OBJECT NO LATER THAN _____ \_\_, 2023** | Write to the Court and explain why you object to the Settlement. |
| **GO TO A HEARING ON _____ \_\_, 2023** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Class Members should be directed to:

| | | |
|---|---|---|
| Zillow Group, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.:  866-274-4004<br>Fax:  610-565-7985<br>info@strategicclaims.net | OR | Laurence M. Rosen<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel: 212-686-1060<br>Fax: 212-202-3827<br>Email: info@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated March 31, 2023 ("Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.    Why did I get this Notice?**

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased Zillow Securities between November 17, 2014 and August 8, 2017, both dates inclusive.

**2.    What is this lawsuit about?**

The case is known as *In re Zillow Group, Inc. Securities Litigation,* Case No. 2:17-cv-01387-JCC (W.D. Wash.) ("Action"). The Action is pending in the United States District Court for the Western District of Washington.

The Action involves Class Representatives' allegations that Defendants violated the federal securities laws by making false or misleading statements in Zillow's filings with the U.S. Securities and Exchange Commission or other public statements to investors. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of Zillow Securities, and that the price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against Zillow or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

### 3. Why is this a class action?

In a class action, one or more persons and/or entities, called plaintiffs or class representatives, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who excluded themselves from the class pursuant to the Court's Orders dated October 28, 2020 and January 14, 2021.

### 4. Why is there a Settlement?

Class Representatives and Defendants do not agree regarding the merits of Class Representatives' allegations and Defendants' defenses with respect to liability or the amount of damages per security, if any, that would be recoverable if Class Representatives were to prevail at trial on each claim. The issues on which Class Representatives and Defendants disagree include: (1) whether Defendants made any statements or omissions that were materially false or misleading or otherwise actionable under federal securities law; (2) whether certain Defendants acted with scienter; (3) to the extent any statements or omissions were materially false or misleading, whether any subsequent disclosures corrected any prior false or misleading statements or omissions by Defendants; (4) the causes of the loss in the value of the Zillow Securities; and (5) the amount of damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Class Representatives and Defendants have agreed to settle the case. Class Representatives and Class Counsel believe the Settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Class Representatives and Class Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will prevail on Defendants' anticipated motions for summary judgment, whether they would be able to prove their claims at trial, and whether they will be able to prove that the alleged misstatements and omissions actually caused the Class any damages, and the amount of damages, if any.

Even if Class Representatives were to win at trial, and also prevail on any on appeal brought by Defendants, Class Representatives might not be able to collect some, or all, of any judgment the class would be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Class Representatives' allegations were eventually found to be true, the total amount of damages to which Class Members would be entitled could be substantially reduced.

### 5. How do I know if I am part of the Class?

The Class consists of those Persons who purchased Zillow Securities from November 17, 2014 through August 8, 2017, both dates inclusive.

### 6. Are there exceptions to being included in the Class?

Yes. Excluded from the Class are: Defendants; the present and former officers, directors, and affiliates of Zillow at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are persons who filed valid and timely requests for exclusion from the Class pursuant to the Court's Orders dated October 28, 2020 and January 14, 2021.

**7.     I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Zillow, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.     What does the Settlement provide?**

**a.     What is the Settlement Fund?**

The proposed Settlement provides that Defendants pay $15,000,000 into a Settlement Fund in exchange for the Settlement and Releases described in the Stipulation. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Class Counsel and any Award to the Class Representatives. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Class Members who submit timely, valid Proofs of Claim.

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Zillow Securities; (iii) the prices of your purchases and sales; (iv) the amount of Administrative Costs, including the costs of notice; and (v) the amounts awarded by the Court to Class Counsel and Class Representatives pursuant to the Fee and Expense Application.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Class Representatives' contention that because of the alleged misrepresentations made by Defendants, the prices of Zillow Securities allegedly were artificially inflated during the relevant period and that certain subsequent disclosures allegedly caused changes in the inflated price of Zillow Securities. Defendants have denied these allegations.

## **PROPOSED PLAN OF ALLOCATION**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website: www.strategicclaims.net/Zillow.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Class Counsel.

**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

For Authorized Claimants who have Recognized Losses for more than one type of Zillow Security pursuant to the subsections below, their total Recognized Loss will be the aggregate of their Recognized Losses for each type of security.

(I) **Recognized Loss for the Company's Class A Common Stock (Symbol: ZG) Purchased During the Class Period will be calculated as follows:**

(A) For shares purchased during the Class Period and sold during the Class Period, the Recognized Loss per share will be zero.

(B) For shares purchased during the Class Period and sold on August 9, 2017, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share of $4.17; or (2) the purchase price per share minus the sales price per share.

(C) For shares purchased during the Class Period and sold during the period August 10, 2017 through November 7, 2017, inclusive, the Recognized Loss will be the *lesser* of: $5.92 per share; or (2) the difference between the purchase price per share and the average closing price as of date of sale provided in Table A below.

(D) For shares purchased during the Class Period and retained as of the close of trading on November 7, 2017, the Recognized Loss will be the *lesser* of: (1) $5.92 per share; or (2) the purchase price per share minus the 90-day lookback price of $40.17[2] per share.

Table A
Average                                      Average

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $40.71 per share was the mean (average) daily closing trading price of the Company's Class A common stock during the 90-day period beginning on August 10, 2017 through and including November 7, 2017.

EXHIBIT A-1 TO STIPULATION OF SETTLEMENT;
NOTICE- 7
(Case No. 2:17-cv-01387-JCC)

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

| Date | Closing Price | Closing Price | Date | Closing Price | Closing Price |
|---|---|---|---|---|---|
| 8/10/2017 | $40.25 | $40.25 | 9/26/2017 | $38.75 | $39.52 |
| 8/11/2017 | $40.71 | $40.48 | 9/27/2017 | $38.92 | $39.51 |
| 8/14/2017 | $41.31 | $40.76 | 9/28/2017 | $39.43 | $39.50 |
| 8/15/2017 | $40.79 | $40.77 | 9/29/2017 | $40.15 | $39.52 |
| 8/16/2017 | $40.62 | $40.74 | 10/2/2017 | $40.56 | $39.55 |
| 8/17/2017 | $39.22 | $40.48 | 10/3/2017 | $40.83 | $39.58 |
| 8/18/2017 | $38.88 | $40.25 | 10/4/2017 | $41.65 | $39.64 |
| 8/21/2017 | $38.81 | $40.07 | 10/5/2017 | $41.47 | $39.68 |
| 8/22/2017 | $38.41 | $39.89 | 10/6/2017 | $41.89 | $39.74 |
| 8/23/2017 | $38.61 | $39.76 | 10/9/2017 | $41.95 | $39.79 |
| 8/24/2017 | $38.81 | $39.67 | 10/10/2017 | $41.60 | $39.83 |
| 8/25/2017 | $38.30 | $39.56 | 10/11/2017 | $41.25 | $39.86 |
| 8/28/2017 | $38.56 | $39.48 | 10/12/2017 | $41.43 | $39.90 |
| 8/29/2017 | $39.70 | $39.50 | 10/13/2017 | $41.44 | $39.93 |
| 8/30/2017 | $39.78 | $39.52 | 10/16/2017 | $41.10 | $39.96 |
| 8/31/2017 | $39.92 | $39.54 | 10/17/2017 | $41.51 | $39.99 |
| 9/1/2017 | $39.95 | $39.57 | 10/18/2017 | $40.92 | $40.01 |
| 9/5/2017 | $39.37 | $39.56 | 10/19/2017 | $40.92 | $40.03 |
| 9/6/2017 | $39.08 | $39.53 | 10/20/2017 | $41.10 | $40.05 |
| 9/7/2017 | $39.21 | $39.51 | 10/23/2017 | $40.75 | $40.06 |
| 9/8/2017 | $38.14 | $39.45 | 10/24/2017 | $40.99 | $40.08 |
| 9/11/2017 | $39.30 | $39.44 | 10/25/2017 | $40.35 | $40.08 |
| 9/12/2017 | $40.62 | $39.49 | 10/26/2017 | $41.20 | $40.10 |
| 9/13/2017 | $38.91 | $39.47 | 10/27/2017 | $41.02 | $40.12 |
| 9/14/2017 | $39.87 | $39.49 | 10/30/2017 | $40.77 | $40.13 |
| 9/15/2017 | $40.15 | $39.51 | 10/31/2017 | $41.31 | $40.15 |
| 9/18/2017 | $40.58 | $39.55 | 11/1/2017 | $40.53 | $40.16 |
| 9/19/2017 | $39.86 | $39.56 | 11/2/2017 | $39.67 | $40.15 |
| 9/20/2017 | $40.15 | $39.58 | 11/3/2017 | $40.62 | $40.16 |
| 9/21/2017 | $39.86 | $39.59 | 11/6/2017 | $40.97 | $40.17 |
| 9/22/2017 | $38.93 | $39.57 | 11/7/2017 | $40.22 | $40.17 |
| 9/25/2017 | $38.91 | $39.55 | | | |

(II) **Recognized Loss for the Company's Class C Common Stock (Symbol: Z) Purchased During the Class Period will be calculated as follows:**

(A) For shares purchased during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per share will be zero.

(B)  For shares purchased during the Class Period <u>and sold on August 9, 2017</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share of $4.15; or (2) the purchase price per share minus the sales price per share.

(C)  For shares purchased during the Class Period <u>and sold during the period August 10, 2017 through November 7, 2017</u>, inclusive, the Recognized Loss will be the *lesser* of: $5.83 per share; or (2) the difference between the purchase price per share and the average closing price as of date of sale provided in Table B below.

(D)  For Shares purchased during the Class Period <u>and retained as of the close of trading on November 7, 2017</u>, the Recognized Loss will be the *lesser* of: (1) $5.83 per share; or (2) the purchase price per share minus the 90-day lookback price of $40.18 per share.

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/10/2017 | $40.50 | $40.50 | 9/26/2017 | $39.02 | $39.45 |
| 8/11/2017 | $40.97 | $40.74 | 9/27/2017 | $39.18 | $39.44 |
| 8/14/2017 | $41.58 | $41.02 | 9/28/2017 | $39.62 | $39.44 |
| 8/15/2017 | $40.85 | $40.98 | 9/29/2017 | $40.21 | $39.46 |
| 8/16/2017 | $40.51 | $40.88 | 10/2/2017 | $40.60 | $39.50 |
| 8/17/2017 | $38.99 | $40.57 | 10/3/2017 | $40.95 | $39.53 |
| 8/18/2017 | $38.64 | $40.29 | 10/4/2017 | $41.91 | $39.59 |
| 8/21/2017 | $38.62 | $40.08 | 10/5/2017 | $41.69 | $39.65 |
| 8/22/2017 | $38.20 | $39.87 | 10/6/2017 | $42.12 | $39.71 |
| 8/23/2017 | $38.32 | $39.72 | 10/9/2017 | $42.13 | $39.77 |
| 8/24/2017 | $38.48 | $39.61 | 10/10/2017 | $41.87 | $39.81 |
| 8/25/2017 | $37.92 | $39.46 | 10/11/2017 | $41.41 | $39.85 |
| 8/28/2017 | $38.21 | $39.37 | 10/12/2017 | $41.71 | $39.89 |
| 8/29/2017 | $39.44 | $39.37 | 10/13/2017 | $41.55 | $39.93 |
| 8/30/2017 | $39.40 | $39.38 | 10/16/2017 | $41.14 | $39.95 |
| 8/31/2017 | $39.62 | $39.39 | 10/17/2017 | $41.62 | $39.99 |
| 9/1/2017 | $39.67 | $39.41 | 10/18/2017 | $41.02 | $40.01 |
| 9/5/2017 | $39.04 | $39.39 | 10/19/2017 | $41.19 | $40.03 |
| 9/6/2017 | $38.80 | $39.36 | 10/20/2017 | $41.25 | $40.06 |
| 9/7/2017 | $38.84 | $39.33 | 10/23/2017 | $40.93 | $40.07 |
| 9/8/2017 | $37.80 | $39.26 | 10/24/2017 | $41.10 | $40.09 |
| 9/11/2017 | $39.11 | $39.25 | 10/25/2017 | $40.60 | $40.10 |
| 9/12/2017 | $40.61 | $39.31 | 10/26/2017 | $41.43 | $40.13 |
| 9/13/2017 | $39.05 | $39.30 | 10/27/2017 | $41.14 | $40.14 |
| 9/14/2017 | $40.00 | $39.33 | 10/30/2017 | $40.88 | $40.16 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 9/15/2017 | $40.34 | $39.37 |
| 9/18/2017 | $40.77 | $39.42 |
| 9/19/2017 | $40.02 | $39.44 |
| 9/20/2017 | $40.28 | $39.47 |
| 9/21/2017 | $39.92 | $39.48 |
| 9/22/2017 | $39.10 | $39.47 |
| 9/25/2017 | $39.11 | $39.46 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 10/31/2017 | $41.28 | $40.18 |
| 11/1/2017 | $40.30 | $40.18 |
| 11/2/2017 | $39.51 | $40.17 |
| 11/3/2017 | $40.48 | $40.17 |
| 11/6/2017 | $40.82 | $40.18 |
| 11/7/2017 | $39.97 | $40.18 |

**(III)** **Recognized Loss for the Company's 2% Convertible Senior Notes due 2021 ("Convertible Notes") Purchased During the Class Period will be calculated as follows:**

(A) For Convertible Notes purchased during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per note will be zero.

(B) For Convertible Notes purchased during the Class Period <u>and sold on August 9, 2017</u>, the Recognized Loss per note will be the *lesser* of: (1) the inflation per note of $3.56; or (2) the purchase price per note minus the sales price per note.

(C) For Convertible Notes purchased during the Class Period <u>and sold during the period August 10, 2017 through November 7, 2017</u>, inclusive, the Recognized Loss will be the *lesser* of: $7.45 per note; or (2) the difference between the purchase price per note and the average closing price as of date of sale provided in Table C below.

(D) For Convertible Notes purchased during the Class Period <u>and retained as of the close of trading on November 7, 2017</u>, the Recognized Loss will be the *lesser* of: (1) $7.45 per note; or (2) the purchase price per note minus the 90-day lookback price of $108.23 per note.

Table C

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/10/2017 | $106.51 | $106.51 | 9/26/2017 | $107.30 | $107.43 |
| 8/11/2017 | $108.87 | $107.69 | 9/28/2017 | $107.38 | $107.42 |
| 8/14/2017 | $109.18 | $108.19 | 9/29/2017 | $108.26 | $107.46 |
| 8/15/2017 | $109.12 | $108.42 | 10/2/2017 | $107.99 | $107.48 |
| 8/16/2017 | $108.11 | $108.36 | 10/3/2017 | $108.45 | $107.51 |
| 8/18/2017 | $105.75 | $107.92 | 10/4/2017 | $109.09 | $107.57 |
| 8/22/2017 | $105.80 | $107.62 | 10/6/2017 | $110.30 | $107.66 |
| 8/23/2017 | $106.19 | $107.44 | 10/9/2017 | $110.82 | $107.76 |
| 8/24/2017 | $106.36 | $107.32 | 10/10/2017 | $110.25 | $107.84 |
| 8/29/2017 | $106.96 | $107.28 | 10/11/2017 | $109.57 | $107.89 |

| Date | Price 1 | Price 2 | Date | Price 3 | Price 4 |
|---|---|---|---|---|---|
| 9/1/2017 | $107.50 | $107.30 | 10/12/2017 | $109.88 | $107.95 |
| 9/7/2017 | $107.02 | $107.28 | 10/16/2017 | $110.00 | $108.01 |
| 9/8/2017 | $106.17 | $107.19 | 10/17/2017 | $109.94 | $108.06 |
| 9/11/2017 | $106.95 | $107.18 | 10/18/2017 | $109.09 | $108.09 |
| 9/12/2017 | $108.25 | $107.25 | 10/20/2017 | $109.50 | $108.12 |
| 9/13/2017 | $106.52 | $107.20 | 10/23/2017 | $109.18 | $108.15 |
| 9/14/2017 | $107.75 | $107.24 | 10/24/2017 | $109.35 | $108.18 |
| 9/15/2017 | $107.98 | $107.28 | 10/25/2017 | $108.25 | $108.18 |
| 9/18/2017 | $108.73 | $107.35 | 10/26/2017 | $108.94 | $108.20 |
| 9/20/2017 | $108.39 | $107.41 | 10/31/2017 | $108.81 | $108.22 |
| 9/21/2017 | $108.18 | $107.44 | 11/3/2017 | $108.00 | $108.21 |
| 9/22/2017 | $107.65 | $107.45 | 11/6/2017 | $109.44 | $108.24 |
| 9/25/2017 | $107.00 | $107.43 | 11/7/2017 | $107.85 | $108.23 |

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases of the Company Securities during the period November 17, 2014 through and including November 7, 2017. The maximum amount of the Net Settlement Fund allocated to the Recognized Losses of the 2% Convertible Senior Notes due 2021 will be 3% .

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Class Representatives, Class Counsel or the Claims Administrator or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.  How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Settlement website at www.strategicclaims.net/Zillow. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Zillow by 11:59 p.m. EST on _____, 2023; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than _____, 2023, to the Claims Administrator at:

> Zillow Group, Inc. Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063
> Fax:  610-565-7985
> info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.  What am I giving up to get a payment or stay in the Class?**

You will remain a member of the Class and will be bound by the release of claims against the Defendants and other Released Parties, as described in the Stipulation, if the Settlement is approved. That means you and all other Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of Zillow Securities during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as the sole compensation for any alleged losses you suffered in the purchase or sale of Zillow Securities during the Class Period. The specific terms of the release are included in the Stipulation.

**11.  Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Class Counsel, to represent you and the other Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

**12.  How will the lawyers be paid?**

Class Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Class Counsel have done so with the expectation that, if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Class Counsel will file a motion (the "Fee and Expense Application") asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $5,000,000 of the Settlement, or for reimbursement of reasonable litigation expenses not to exceed $1,500,000, and an Award to Class Representatives in an amount not to exceed $15,000 each, or $45,000 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**13.  How do I tell the Court that I object to the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, the Fee and Expense Application, and that you think the Court should not approve any or all of the foregoing, by mailing a letter stating that you object to the Settlement in the matter of *In re Zillow Group, Inc. Securities Litigation,* Case No. 2:17-cv-01387 (W.D. Wash.). Be sure to include (1) your name, address, and telephone number, and email (if any), (2) a list of all purchases and sales of Zillow Securities during the Class Period in order to show membership in the Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be received no later than _____ __, 2023:

> Clerk of the Court
> United States District Court
> Western District of Washington
> United States Courthouse
> 700 Stewart Street, Suite 16229
> Seattle, WA 98101-9906

|   |   |
|---|---|
| CLASS COUNSEL: | COUNSEL FOR DEFENDANTS: |
| THE ROSEN LAW FIRM, P.A. | MAYER BROWN LLP |
| Laurence M. Rosen | Joseph De Simone |
| 275 Madison Avenue, 40th Floor | 1221 Avenue of the Americas |
| New York, NY 10016 | New York, NY 10020 |

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2023, at __:__ _.m., at the U.S. District Court, Western District of Washington, United States Courthouse, 700 Stewart Street, Suite 16206, Seattle, WA 98101-9906, or by telephonic or videoconference means as directed by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide whether to approve the Plan of Allocation and the Fee and Expense Application.

**15. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**16. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

DATED: _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON