The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Zillow Group, Inc.<br>Securities Litigation | No. 2:17-cv-01387-JCC<br><br>MOTION FOR AWARD OF<br>ATTORNEYS' FEES AND EXPENSES<br>AND AWARDS TO CLASS<br>REPRESENTATIVES<br><br>Jury Trial Demanded<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 8, 2023 at 9:00 a.m.** |

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................ 1

II.   OVERVIEW OF THE LITIGATION ............................................................ 3

III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND. .......................................................................... 3

    A.   Class Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Class. .......................................................................... 3

    B.   The Court Should Award Class Counsel a Reasonable Percentage of the Common Fund. ................................................................................. 4

    C.   The Requested Attorneys' Fees are Reasonable and Merited. ............... 5

        1.   Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Class. ........................................................................ 6

        2.   The Risks and Complexity of the Litigation Support the Requested Fee Amount. .................................................................. 7

        3.   Class Counsel Skillfully Managed This Case Against Formidable Adversaries. ........................................................................... 8

        4.   Class Counsel Undertook a Significant Financial Risk ........................... 10

        5.   Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund. ............................................. 11

        6.   An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award. .......................................................... 13

        7.   The Class's Reaction Supports the Requested Fee. .................................. 16

IV.   CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED. ............................................. 17

V.   THE COURT SHOULD APPROVE THE AWARD TO CLASS REPRESENTATIVES. .................................................................................. 19

VI.   CONCLUSION .......................................................................................... 20

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

i

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

<u>**Cases**</u>

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
  572 F.3d 221 (5th Cir. 2009) ..................................................................... 8

*Atlas v. Accredited Home Lenders Holding Co.*,
  No. 07-CV-00488-H (CAB), 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009)............................. 5

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ................................................................. 13

*Blum v. Stenson*,
  465 U.S. 886 (1984)............................................................................. 4, 13

*Boyd v. Bank of Am. Corp.*,
  No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014)............................. 12

*Brown v. China Integrated Energy Inc.*,
  No. CV1102559BROPLAX, 2016 WL 11757878 (C.D. Cal. July 22, 2016)......................... 20

*Buccellato v. AT & T Operations, Inc.*,
  No. C10-00463-LHK, 2011 WL 3348055 (N.D. Cal. June 30, 2011)...................................... 16

*Cheng Jiangchen v. Rentech, Inc.*,
  No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ......................... 9

*Chun-Hoon v. McKee Foods Corp.*,
  716 F. Supp. 2d 848 (N.D. Cal. 2010) ...................................................................... 17

*City of Providence v. Aeropostale, Inc.*,
  No. 11 CIV. 7132 CM GWG, 2014 WL 1883494 (S.D.N.Y. May 9, 2014).......................... 11

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005)............................................................................... 8

*Dyer v. Wells Fargo Bank, N.A.*,
  303 F.R.D. 326 (N.D. Cal. 2014).......................................................................... 20

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ........................................................................... 2

*Feller v. Transamerica Life Ins. Co.*,
  No. 16CV01378CASGJSX, 2019 WL 6605886 (C.D. Cal. Feb. 6, 2019)............................... 16

*Fox v. Vice*,
  563 U.S. 826 (2011) ...................................................................................... 14

*Glass v. UBS Fin. Servs., Inc.*,
  331 F. App'x 452 (9th Cir. 2009) ................................................................. 5

*Gustafson v. Valley Ins. Co.*, No. CV,
  01-1575-BR, 2004 WL 2260605 (D. Or. Oct. 6, 2004) ............................... 13

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258, 134 S. Ct. 2398, 189 L. Ed. 2d 339 (2014) ........................... 4

*Harris v. Marhoefer*,
  24 F.3d 16 (9th Cir. 1994) ............................................................................ 18

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...................................................................................... 6

*Hope Med. Enters., Inc. v. Fagrron Compounding Serv., LLC*,
  No. 2:19-CV-07748-CAS (PLAx), 2022 WL 826903 (C.D. Cal. Mar. 14, 2022) .................. 15

*Hopkins v. Stryker Sales Corp.*,
  No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .................................... 16

*In re Activision Sec. Litig.*,
  723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................. 5

*In re Am. Apparel, Inc. S'holder Litig..*,
  No. CV1006352MMMJCGX, 2014 WL 10212865 (C.D. Cal. July 28, 2014) ............. 9, 11, 13

*In re Apollo Grp. Inc. Sec. Litig.*,
  No. CV 04-2147-PHX-JAT, 2012 WL 1378677 n2 (D. Ariz. Apr. 20, 2012) ........................ 14

*In re BofI Holding, Inc. Sec. Litig.*,
  No. 315CV02324GPCKSC, 2022 WL 9497235 (S.D. Cal. Oct. 14, 2022) ........................... 20

*In re Brooktree Sec. Litig.*,
  915 F. Supp. 193 (S.D. Cal. 1996) ............................................................... 4

*In re: Fat Brands Inc. Sec. Litig.*,
  2023 WL 2711311 (C.D. Cal. Feb. 28, 2023) ................................................ 15

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) .......................... 8

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

iii

*In re Genworth Fin. Sec. Litig.*,
    210 F. Supp. 3d 837 (E.D. Va. 2016) ................................................................. 14

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
    279 F.R.D. 151 (S.D.N.Y. 2011) ................................................................. 6, 7

*In re Heritage Bond Litig.*,
    No. 02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) ..................... 7, 10

*In re Heritage Bond Litig.*,
    No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ............................. passim

*In re HP Inkjet Printer Litig.*,
    716 F.3d 1173 (9th Cir. 2013) ................................................................. 6

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ........................................................ 17, 18

*In re LJ Int'l, Inc. Sec. Litig.*,
    No. CV0706076GAFJWJX, 2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ...................... 8

*In re Nuvelo, Inc. Sec. Litig.*,
    No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011) ............................ 12

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................ passim

*In re Pac. Enterprises Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ................................................................. 7, 11

*In re Restoration Robotics, Inc. Sec. Litig.*,
    No. 5:18-CV-03712-EJD, 2021 WL 4124089 (N.D. Cal. Sept. 9, 2021) ....................... 20

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ................................................................. 5

*In re Sumitomo Copper Litig.*,
    189 F.R.D. 274 (S.D.N.Y. 1999) ................................................................. 17

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
    535 F. Supp. 2d 249 (D.N.H. 2007) ........................................................ 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ................................................. 15

MOTION FOR ATTORNEYS' FEES,        PRAESIDIO CONSUMER LAW PLLC
EXPENSES, AND AWARDS TO CLASS REPS.    1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

iv

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................................................ passim

*Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*,
  No. 3:09-CV-00419-MMD, 2012 WL 5199742 (D. Nev. Oct. 19, 2012) ................................ 6

*Jenson, v. First Tr. Corp.*,
  No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June 9, 2008) .................. 19, 20

*Johnson v. US Auto Parts Network, Inc.*,
  No. CV07-2030-GW(JCX), 2008 WL 11343481 (C.D. Cal. Oct. 9, 2008) .............................. 8

*JS Halberstam Irrevocable Grantor Tr. v. Davis*,
  No. 3:21-CV-413-SI, 2022 WL 1449106 (D. Or. May 9, 2022) ............................................ 15

*Katz v. China Century Dragon Media, Inc.*,
  No. LACV1102769JAKSSX, 2013 WL 11237202 (C.D. Cal. Oct. 10, 2013) ................. 13, 18

*Kendall v. Odonate Therapeutics, Inc.*,
  2022 WL 1997530 (S.D. Cal. June 6, 2022) ......................................................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
  No. 15-CV-00540-JLS-AGS, 2021 WL 5632673 (S.D. Cal. Nov. 30, 2021) ........................ 16

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................. 9

*Lopez v. Youngblood*,
  No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ................................ 5

*Luna v. Marvell Tech. Grp.*,
  2018 WL 1900150 (N.D. Cal. Apr. 20, 2018) ...................................................................... 18

*Mauss v. NuVasive, Inc.*,
  No. 13CV2005 JM (JLB), 2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ................................ 12

*McPhail v. First Command Fin. Plan., Inc.*,
  No. 05CV179-IEGJMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ..................................... 6

*Millan v. Cascade Water Servs., Inc.*,
  No. 112CV01821AWIEPG, 2016 WL 3077710 (E.D. Cal. May 31, 2016) ............................ 12

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003) ........................................................................................... 12

*Ontiveros v. Zamora*,
    303 F.R.D. 356 (E.D. Cal. 2014) ............................................................................ 18

*Pace v. Quintanilla*,
    No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .............................. 9

*Parkinson v. Hyundai Motor Am.*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) .................................................................. 14

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ............................................................................... 3

*Rausch v. Hartford Fin. Servs. Grp.*,
    No. 01-CV-1529-BR, 2007 WL 671334 (D. Or. Feb. 26, 2007) ...................................... 13

*Razilov v. Nationwide Mut. Ins. Co.*,
    No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) ................................ 13, 20

*Redwen v. Sino Clean Energy, Inc.*,
    No. CV 11-3936 PA (SSX), 2013 WL 12303367 (C.D. Cal. July 9, 2013) ............................ 7

*Robbins v. Koger Properties, Inc.*,
    116 F.3d 1441 (11th Cir. 1997) ............................................................................ 10

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................... 19

*Romero v. Producers Dairy Foods, Inc.*,
    No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ................................ 11

*Sawant v. Ramsey*,
    No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012) ................................. 10

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ........................... 12

*Spann v. J.C. Penney Corp.*,
    211 F. Supp. 3d 1244 (C.D. Cal. 2016) ................................................................. 16

*Steiner v. Am. Broad. Co.*,
    248 F. App'x 780 (9th Cir. 2007) ......................................................................... 16

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007) .......................................................................................... 4

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

vi

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
    669 F.3d 632 (5th Cir. 2012) ................................................................................ 5

*Vandervort v. Balboa Cap. Corp.*,
    8 F. Supp. 3d 1200 (C.D. Cal. 2014) ................................................................. 12

*Vincent v. Hughes Air W., Inc.*,
    557 F.2d 759 (9th Cir. 1977) ................................................................................ 3

*Vinh Nguyen v. Radient Pharms. Corp.*,
    No. SACV 11-00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014) .............. 9

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .................................................... 4, 5, 7, 13

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) .................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4(a)(4) .......................................................................................... 19

15 U.S.C. § 78u-4(a)(6) ............................................................................................ 5

**Other Authorities**

H.R. Conf. Rep. No. 369, 104th Cong. 1st Sess. 35 (1995) ...................................... 19

MOTION FOR ATTORNEYS' FEES,        PRAESIDIO CONSUMER LAW PLLC
EXPENSES, AND AWARDS TO CLASS REPS.    1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629
vii

Class Representatives Jo Ann Offutt, Raymond Harris, and Johanna Choy ("Plaintiffs"), individually and on behalf of all other persons similarly situated, submit this memorandum in support of their motion for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiffs.[1]

## I.    PRELIMINARY STATEMENT

The Parties have reached a settlement to resolve the claims in the above-captioned securities class action ("Action") for $15,000,000 ("Settlement"). The Settlement provides a fair, reasonable, and adequate result for investors, as it recovers approximately 6% of the alleged *maximum* estimated damages of $247.1 million under Plaintiffs' best-case scenario—above many settlements approved in this Circuit—and approximately *22%* of Defendants' worst-case scenario of $66 million in damages.

Having achieved this substantial recovery for the Class despite facing significant obstacles and risks in this litigation, Class Counsel seeks an award of attorneys' fees of one third of the Settlement Amount, or $5,000,000, reimbursement of expenses incurred of $1,165,451.64 and an Award of $15,000 to each of the three Plaintiffs, or $45,000 in total, to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. In the Ninth Circuit, courts typically determine attorneys' fees as a percentage of the common fund. The main factors courts consider in setting the percentage award are the quality of the result, the risk undertaken, and the reaction of the settlement class. Courts also cross-check the award against the time and effort

---

[1] All capitalized terms not otherwise defined shall have the same meanings ascribed to them in the Stipulation of Settlement dated as of March 31, 2023 (the "Stipulation") (Dkt. No. 173).

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

1

counsel expended. Here, each of these factors weighs in favor of awarding Class Counsel attorneys' fees of one third of the Settlement Amount.

The Parties reached the Settlement after litigating Defendants' motion to dismiss, completing fact discovery, and conducting informed, arm's-length negotiations, including two private mediation sessions guided by experienced mediators.  The resulting Settlement is a fair, reasonable, and adequate result for the Class. Plaintiffs faced several obstacles if litigation were to continue including Defendants' anticipated motions for summary judgment, the availability of proof, Defendants' potential defenses, and the risks of prosecuting this litigation through trial and appeal.

In obtaining this result, Class Counsel took on substantial risk. The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes several procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks entailed in this litigation, Class Counsel was able to secure a favorable and prompt recovery for the Class.

The Class approves of Class Counsel's work. Objections are not due until July 18, 2023, but to date no Class Member has objected to the Settlement or the fee request, as previewed in the notice sent to potential Class Members. In addition, only three Class members submitted valid requests for exclusion by the deadline previously established when the Court certified the Class. Dkt No. 114 at 3, ¶8 and Ex. A thereto.

Class Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this action in the amount of $1,165,451.64.  These expenses, including court filings fees, expert fees, investigator fees, document hosting fees, mediation fees,

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

2

travel expenses, and administrative expenses, were reasonable and necessary for the successful prosecution of the Action.

Finally, Plaintiffs seek an award of $15,000 each, or $45,000 total, for their time spent in carrying out their obligations in the Action. This request is reasonable in light of the time Plaintiffs spent in connection with this Action on behalf of the Class and is in line with awards granted in similar actions.

## II.        OVERVIEW OF THE LITIGATION

A summary of Plaintiffs' allegations and the procedural history of this Action are set forth in the Motion for Final Approval of Class Action Settlement ("Final Approval Brief") filed concurrently herewith. Final Approval Brief, Section II; *see also* Declaration of Jonathan Stern ("Stern Decl.") filed concurrently herewith.

## III.       THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND.

### A.        Class Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Class.

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this doctrine is to avoid unjust enrichment. "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). "The amount of such a reward is that which is deemed 'reasonable' under the circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Reasonable fee awards are necessary in securities class actions. The Supreme Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

3

an essential supplement to criminal prosecutions and civil enforcement actions brought [] by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); No. 13-317 *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398, 189 L. Ed. 2d 339 (2014), Brief for the United States as Amicus Curiae Supporting Respondent, at 1-2. *Tellabs* and *Halliburton* were both class actions alleging securities fraud. Attorneys' fee awards were necessary to provide incentives for private lawyers to file those actions, and an award is necessary and appropriate here for the same reasons.

> **B.** **The Court Should Award Class Counsel a Reasonable Percentage of the Common Fund.**

Under the "common fund doctrine" a reasonable fee is based on "a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Courts in the Ninth Circuit have discretion to award fees in common fund cases based on either the percentage-of-the-fund method or the "lodestar/multiplier" method. *WPPSS*, 19 F.3d at 1295-96. "Despite this discretion, use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Among other benefits, the percentage-of-the-fund method "aligns the interests of class counsel and the class, rather than rewarding attorneys for hours spent on cases, as the lodestar method does." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (affirming 28% fee, representing 3.65 multiplier, disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early). The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The percentage method also preserves judicial resources by sidestepping time-consuming lodestar analysis while saving the Class from the delays necessitated by the Court's

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

4

review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

Finally, the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

For these reasons the Court should award attorneys' fees based on the percentage-of-recovery method. The Court should use an informal lodestar cross-check only to assess the reasonableness of the percentage award. *See Vizcaino*, 290 F.3d at 1050, n.5 (using lodestar as "a cross-check on the reasonableness of a percentage figure"); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check").

**C.     The Requested Attorneys' Fees are Reasonable and Merited.**

Factors that courts use to determine whether the requested percentage is fair and reasonable include: (1) the results achieved; (2) the risk and complexity of the litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; (6) awards made in similar cases; (7) the reaction of the class; and (8) the lodestar cross-check. *See Vizcaino*, 290 F.3d at 1047; *Omnivision*, 559 F. Supp. 2d at 1046. Of course, "[t]he relative degree of importance to be attached to any particular factor will depend upon ... the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

5

(CAB), 2009 WL 3698393, at *3 (S.D. Cal. Nov. 4, 2009). Here, each of these factors supports

awarding Class Counsel attorneys' fees of one-third of the Settlement Amount.

### 1.    Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Class.

Courts have consistently recognized that the ultimate result achieved is a major factor to

be considered in making a fee award. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)

(finding the "most critical factor is the degree of success obtained"); *In re HP Inkjet Printer Litig.*,

716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The Settlement value, totaling $15,000,000 plus interest, constitutes approximately 6% of

the alleged *maximum* estimated damages of $247.1 million under Class Representatives' *best*-case

scenario, and approximately *22%* of Defendants' worst-case scenario of $66 million in damages.

This is a highly favorable result, particularly in light of the considerable risks of litigation presented

here. As a percentage of the total estimated damages, the Settlement Amount is at or above the

percentage of investor losses recovered in typical securities class action settlements. *In re Heritage*

*Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *8–9 (C.D. Cal. June 10, 2005) (noting

average recovery in securities cases between 2% to 3% of maximum damages)); *Int'l Bhd. of Elec.*

*Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-CV-00419-MMD, 2012 WL

5199742, at *3 (D. Nev. Oct. 19, 2012) (approving settlement recovering about 3.5% of the

maximum damages that plaintiffs believe could be recovered at trial and noting that the amount is

within the median recovery in securities class actions settled in the last few years); *McPhail v.*

*First Command Fin. Plan., Inc.*, No. 05CV179-IEGJMA, 2009 WL 839841, at *5 (S.D. Cal. Mar.

30, 2009) (settlement recovering 7% of estimated damages was fair and adequate); *In re Giant*

*Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 162–63 (S.D.N.Y. 2011) ("the average settlement

in securities class actions ranges from 3% to 7% of the class's total estimated losses").

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

6

According to Cornerstone Research, approximately 27% of securities class actions settled for an amount between $10 million and $24 million in 2022, and approximately 43% settled for less than $10 million.[2] The median recovery in cases such as this one alleging Rule 10b-5 claims with damages between $250 million and $499 million was approximately 4.3% of estimated damages in 2022, and 4.1% between 2013 and 2021.[3] *See also  In re Giant*, 279 F.R.D. at 162-63 (granting final approval of $13 million settlement and 33.3% request for attorney's fees where recovery "appears to constitute approximately 16.5% of the class' maximum provable damages, in excess of the average percentage of recovery in many securities class-action lawsuits"). The recovery here compares favorably to recoveries in similar securities class action settlements, supporting the requested fee.

**2.    The Risks and Complexity of the Litigation Support the Requested Fee Amount.**

The risks and complexity of the litigation are important factors in determining a fee award. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"); *WPPSS*, 19 F.3d at 1299-1301. Securities class actions are often complex, difficult to prove, and risky. *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No.

---

[2] Laarni T. Bulan, *et al.*, Securities Class Action Settlements: 2022 Review and Analysis (Cornerstone Research), at 4, *available* at https://www.cornerstone.com/wp-content/uploads/2023/03/Securities-Class-Action-Settlements-2022-Review-and-Analysis.pdf.

[3] *Id.* at 6.

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

7

02-CV-3400 CM PED, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, No. CV07-2030-GW(JCX), 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action."). "[T]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Class Representatives faced significant legal and practical risks if litigation were to continue. To prevail on summary judgment or at trial, Class representatives were required to establish falsity, materiality, scienter, reliance, loss causation and damages. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005) (listing elements of a Rule 10b-5 claim).

Here, the "battle of the experts" presented by expert discovery involved substantial risks to Class Representatives' ability to prove the elements of their claims. The Parties had begun expert discovery, but had not conducted expert depositions, which would be intensive and expensive. Expert testimony on the underlying issues concerning the legality of Zillow's co-marketing program would be critical to proving falsity as well as scienter. Class Representatives faced the risk that their proffered experts would be undermined in expert discovery, or even excluded for purposes of summary judgment or trial, which could prove fatal to Class Representatives' claims.

Class Representatives faced significant risks of continued litigation beyond discovery, such as surviving Defendants' anticipated motion for summary judgment, winning at trial, and defeating any post-trial motions or appeals. *See* Final Approval Brief, Section IV(A).

### 3.     Class Counsel Skillfully Managed This Case Against Formidable Adversaries.

The skill required to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

8

unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019); *In re Am. Apparel, Inc. S'holder Litig..*, No. CV1006352MMMJCGX, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) (similar).

The Court-appointed Class Counsel, The Rosen Law Firm, P.A. ("Rosen Law"), have amassed the skills and experience needed to prosecute this case through their considerable experience litigating and settling similar actions. Declaration of Laurence Rosen ("Rosen Fee Decl.") Ex. 1 (Rosen Law firm resume). They have shown they are willing and able to litigate a case to resolution. *See, e.g.*, *Pace v. Quintanilla*, No. SACV 14-2067-DOC, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014) ("The Rosen Law Firm has appeared before this Court several times before, and the Court is confident that it has the necessary skill and knowledge to effectively prosecute this action"); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is "highly qualified [and] experienced" in securities class actions"); *Vinh Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen Law "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement). Rosen Law applied the same skill, experience, and determination in litigating this Action to a favorable resolution for the Class. Moreover, Pomerantz LLP, additional Class Counsel, has substantial experience prosecuting securities class actions on behalf of investors. *See* Declaration of Jeremy Lieberman on Behalf of Pomerantz LLP Concerning Attorneys' Fees and Expenses ("Pomerantz Fee Decl."), Ex. 1.

"[T]he quality of opposing counsel is [also] important in evaluating the quality of

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

9

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

Plaintiff's counsel's work." *Heritage Bond*, 2005 WL 1594403, at *20. Here, Defendants retained Mayer Brown LLP and Perkins Coie LLP, two premier law firms, each with an exemplary securities practice. Defense counsel are talented and experienced securities practitioners who advocated forcefully for their clients. Stern Decl. ¶29. That Class Counsel achieved a favorable Settlement in the face of such opposition weighs in favor of the requested fee.

### 4.     Class Counsel Undertook a Significant Financial Risk

The risk of receiving little or no recovery is a major factor in awarding attorneys' fees. *See WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest thousands of hours and receive no remuneration whatsoever. There are numerous class actions in which plaintiffs' counsel expended thousands of hours, and yet received no remuneration whatsoever despite their diligence and expertise. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. The risks do not end at the motion to dismiss stage. In fact, even when a plaintiff is successful at trial, payment is not guaranteed. *See Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant). For example, in *Sawant v. Ramsey*, No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012), Rosen Law spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment.

The risks in this case were no different. Class Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort and expense had been expended.

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

10

Class Counsel risked non-payment collectively of 9,407.37 hours of professional time worth $5,428,617.25, as well as incurring expenses of $1,165,451.64, for over five years to bring this case to a successful conclusion. *See* Rosen Fee Decl. ¶¶6-9 (summarizing Class Counsel's lodestar and expenses in further detail); Pomerantz Fee Decl., ¶¶6-9; Stern Decl. ¶¶24-25, 37. "This type of 'substantial outlay, when there is a risk that [no money] will be recovered, further supports the award of the requested fees.'" *Am. Apparel*, 2014 WL 10212865, at *22; *see also City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis").

### 5. Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund.

The Ninth Circuit has established a benchmark for attorneys' fees in common fund cases of 25%, which the Court may adjust upwards or downwards for special circumstances. *Pac. Enterprises*, 47 F.3d at 379 (affirming fee of one-third of settlement fund); *Heritage Bond*, 2005 WL 1594403, at *18 (awarding one-third of settlement amount). An upward adjustment is merited in this case. Courts in the Ninth Circuit have recognized that "[i]n most common fund cases, the award exceeds [the] benchmark" and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the] benchmark."); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and noting that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"). Here, Class Counsel requests an award of attorneys' fees of one-third of the Settlement Amount.

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

11

Courts in the Ninth Circuit frequently award one-third of settlements as fees in connection with securities class action settlements of equal or similar value or that settled at this procedural stage. *E.g.*, *Kendall v. Odonate Therapeutics, Inc.,* 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (awarding one-third of $12,750,000 settlement as attorneys' fees); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *2 (N.D. Cal. July 6, 2011) (awarding 30% of $8.9 million settlement after four years of litigation); *Mauss v. NuVasive, Inc.*, No. 13CV2005 JM (JLB), 2018 WL 6421623, at *7 (S.D. Cal. Dec. 6, 2018) (awarding attorneys' fees of 30% of $7.9 million settlement); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005) (awarding one-third of $27,783,000 settlement as attorney's fees).

Courts in the Ninth Circuit also routinely award attorneys' fees at or above the benchmark in non-securities, common fund actions. *See, e.g.*, *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding attorneys' fees of one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee in $14.8 million settlement); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *12 (C.D. Cal. Nov. 18, 2014) (awarding one-third fee); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% fee); *Millan v. Cascade Water Servs., Inc.*, No. 112CV01821AWIEPG, 2016 WL 3077710, at *11–12 (E.D. Cal. May 31, 2016) (approving an award of 33% of the common fund); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third of the settlement fund); *Rausch v. Hartford Fin. Servs. Grp.*, No. 01-CV-1529-BR, 2007 WL 671334, at *2 (D. Or. Feb. 26, 2007) (awarding 30% of settlement fund); *Gustafson v. Valley Ins. Co.*, No. CV 01-1575-BR, 2004 WL 2260605,

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

12

at *2 (D. Or. Oct. 6, 2004) (same); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) (granting 30% fee request equaling $5.7 million).

The requested one-third fee is also lower than contingent fees in many individual cases, which typically range from 30% to 40% of the recovery. *See, e.g.*, *Blum*, 465 U.S. at 903 n.20 ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers."); *Katz v. China Century Dragon Media, Inc.*, No. LACV1102769JAKSSX, 2013 WL 11237202, at *8 (C.D. Cal. Oct. 10, 2013) ("[C]ontingency fee arrangements generally range from 30% to 40% of final recovery.").

The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the result obtained, the unique risks avoided in achieving a prompt and substantial recovery, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an award of one-third of the Settlement Amount obtained for the Class is reasonable.

**6.      An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award.**

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Am. Apparel*, 2014 WL 10212865, at *20; *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar by assessing attorneys' hourly rates for reasonableness and multiplying the rates by the number of hours reasonably spent, and then cross-checking the resulting number against the fee award. *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016). "In securities class actions, it is common for a counsel's lodestar figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

13

complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

When using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 n2 (D. Ariz. Apr. 20, 2012). Here, an informal lodestar cross-check on the percentage of the Settlement Amount requested further supports the reasonableness of the requested fee.

"Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010). Rosen Law's hourly rates for attorneys who worked on this case range from up to $875-1075 for partners in 2023, $800-875 for counsel, and $550-$725 for associates. Rosen Fee Decl., ¶6. Additional counsel, Pomerantz, for attorneys who worked on this case range up to $900 for partners, $700 for of counsel, and $350 for associates. Pomerantz Fee Decl., ¶6. These rates are consistent with those of other attorneys engaged in similar litigation in comparable jurisdictions. *See, e.g.*, *JS Halberstam Irrevocable Grantor Tr. v. Davis*, No. 3:21-CV-413-SI, 2022 WL 1449106, at *5 (D. Or. May 9, 2022) (finding that "billing rates for attorneys ranged from $220 to $1,050 and $70 to $375 for paralegals" were "reasonable hourly rates for complex federal litigation in the relevant communities"); *Hope Med.*

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

14

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

*Enters., Inc. v. Fagrgon Compounding Serv., LLC*, No. 2:19-CV-07748-CAS (PLAx), 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (finding "rates of $895 to $1,295 per hour for partners and counsel, and between $565 and $985 for associates" to be reasonable); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fee award following a lodestar cross-check with "billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals"). Courts in this Circuit have also previously awarded attorneys' fees to Rosen Law based on substantially the same rates. *E.g.*, *In re: Fat Brands Inc. Sec. Litig.*, 2023 WL 2711311 (C.D. Cal. Feb. 28, 2023) (order awarding attorneys' fees) and No. 2:22-cv-01820-MCS-RAO (C.D. Cal. Jan. 31, 2023), Dkt. Nos. 67-2 and 67-3 (declarations setting forth hourly rates of Rosen Law and Pomerantz attorneys); *Sanders v. The RealReal, Inc.*, No. 5:19-cv-773-EJD (N.D. Cal. July. 28, 2022), Dkt. Nos. 71-3 (declaration setting forth hourly rates for Rosen Law attorneys) and 76 (order awarding attorneys' fees).

Here, Class Counsel dedicated 9,407.37 hours of professional time prosecuting this litigation from its inception. Rosen Fee Decl. ¶6; Pomerantz Fee Decl., ¶6. In addition to the time expended to date, Class Counsel will spend additional time preparing Class Representatives' reply in support of final approval, preparing for and attending the final approval hearing, directing the claims administration process, and filing a motion for final distribution, but will not seek further compensation. Stern Decl. ¶26.

Class Counsel's total lodestar, based on its attorneys' historical and current rates is $5,428,617.25. Stern Decl. ¶24. Rosen Fee Decl. ¶6; Pomerantz Fee Decl., ¶6. An award of one third of the Settlement Fund, or $5,000,000, results in a *negative* lodestar multiplier of .92 for Class Counsel's fees. Stern Decl. ¶26. This is *below* the range typically awarded in this Circuit.

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

15

*E.g.*, *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers."); *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (granting 4.3 multiplier)

This "fractional multiplier[] . . . supports [Class] Counsel's 33 percent fee request." Khoja v. Orexigen Therapeutics, Inc., No. 15-CV-00540-JLS-AGS, 2021 WL 5632673, at *10 (S.D. Cal. Nov. 30, 2021)

### 7.    The Class's Reaction Supports the Requested Fee.

"The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at *21 *see also Omnivision*, 559 F. Supp. 2d at 1048. To date, 131,532 potential Class Members were notified about the Settlement by mailed Postcard Notices or emailed links to the Long Notice and Claim Form. Bravata Decl., ¶7. The Claims Administrator also published the Summary Notice on *GlobeNewswire* and in *Investor's Business Daily*. *Id*. ¶11. The Postcard Notice and Summary Notice each directed potential Class Members to where they could access the full-length Notice, which was also posted on a Settlement-specific website. *Id*. ¶12. The Notice informed Class Members that Counsel would seek attorneys' fees of up to one-third of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $1,500,000, and that they would

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

16

seek an Award to Class Representatives of up to $15,000 each, or $45,000 total. Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Objections ("Bravata Decl."), Ex. A (Long Notice) at 2. The Notice also advised Class Members of their right to object to these requests for relief or to request exclusion from the Settlement, and explained how to do so.

The deadline for potential Class Members to submit objections is July 18, 2023. To date, no Class Member has objected to the Settlement or to the requested attorneys' fees or reimbursement of expenses. Bravata Decl. ¶12; Stern Decl. ¶36. The lack of objections demonstrates the positive reaction of the Class, which strongly supports the fee request. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). In addition, only three Class members submitted valid requests for exclusion in response to the earlier deadline that was established and publicized following the certification of the Class, which supports the requested fee. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supported approval of the settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported settlement when two large traders and small number of other class members representing under 1% of class opted-out of the settlement).

## IV.     CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED.

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

17

reasonable expenses that would typically be billed to paying clients in non-contingency matters."). The Notice informed potential Class Members that Class Counsel would seek expenses in an amount not to exceed $1,500,000. Bravata Decl., Ex. A at 1. Class Counsel requests reimbursement of $1,165,451.64, less than the maximum amount outlined in the Notice. Stern Decl. ¶37. These expenses are the types that are routinely charged to fee-paying clients. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *see also Immune Response*, 497 F. Supp. 2d at 1177.

Class Counsel pursued this litigation knowing that it could recover its expenses only if Class Representatives and the Class prevailed at trial and survived on appeal or reached a settlement. Class Counsel had no incentive to incur, and did not incur, unnecessary expenses. All of Class Counsel's expenses were reasonably incurred and necessary for the prosecution of this litigation. Stern Decl. ¶37; Rosen Fee Decl. ¶8; Pomerantz Fee Decl., ¶8. The bulk of Class Counsel's expenses consisted of fees for experts, mediator fees, investigator fees, document hosting fees, and notice to class members. *Id*. Expert fees were needed to hire an expert for class certification, two affirmative experts on issues of RESPA compliance and damages, and an additional rebuttal expert. The document hosting fees were needed to review over 200,000 documents Defendants produced in the course of discovery. The remainder of Class Counsel's expenses consisted primarily of court filing fees, *pro hac vice* fees, online legal research fees, travel fees, and other miscellaneous expenses. *Id*. Courts have held that these and similar types of expenses are properly charged to the Class. *E.g.*, *Katz*, 2013 WL 11237202, at *8; *Luna v. Marvell Tech. Grp.*, No. C 15-05447 WHA, 2018 WL 1900150, at *4 (N.D. Cal. Apr. 20, 2018) (reimbursement for experts, investigators, travel, filing costs, photocopies, and online legal and factual research granted as they were all reasonable and necessary). The categories of expenses for which Class Counsel seeks reimbursement are the type routinely billed to hourly clients and,

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

18

therefore, should be paid out of the common fund.

## V.     THE COURT SHOULD APPROVE THE AWARD TO CLASS REPRESENTATIVES.

The Court should also award each of the three Class Representatives $15,000, or $45,000 total, as compensation for the time they spent representing the Class. The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. § 78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the courts discretion to award fees accordingly."). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-9 (9th Cir. 2009); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Class Representatives were available to Class Counsel as needed and performed their duties with attentiveness and diligence, including by: (1) filing the initial complaint and volunteering to file a motion seeking appointment as lead plaintiff; (2) reviewing complaints, motion papers and other pleadings; (3) regularly communicating and corresponding with counsel regarding the litigation and settlement; (4) gathering and producing information to Class Counsel concerning their investments in Zillow securities; (5) collecting documents responsive to Defendants' discovery demands; (6) preparing for and appearing for depositions; and (7) making themselves available, if needed, to testify if there were a trial. *See*

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

19

Stern Decl. Exs. 4-6 (Declaration of Jo Ann Offutt, Declaration of Raymond Harris, and Declaration of Johanna Choy). As shown in their respective declarations, Ms. Offutt, Mr. Harris, and Ms. Choy were all actively involved in the case and put the concerns of the Class at the forefront. These are the kinds of activities that warrant reimbursement for the time and effort Class Representatives expended on the Class's behalf.

The Notice informed Class Members that Class Counsel would seek an award for Class Representatives not to exceed $15,000 each, or $45,000 total. Bravata Decl., Ex. B at 1. To date, no objections have been raised in response to this request. Bravata Decl. ¶12; Stern Decl. ¶36.

Courts in this Circuit routinely award representative plaintiffs similar or greater amounts. *See, e.g.*, *In re BofI Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2022 WL 9497235, at *8 (S.D. Cal. Oct. 14, 2022) ($15,000 to lead plaintiff); *In re Restoration Robotics, Inc. Sec. Litig.*, No. 5:18-CV-03712-EJD, 2021 WL 4124089, at *1 (N.D. Cal. Sept. 9, 2021) ($15,000 to lead plaintiff); *Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) ($10,000 each to lead plaintiffs); *Jenson,*, 2008 WL 11338161, at *16 ($20,000 reimbursement to lead plaintiff); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000 reimbursement to lead plaintiffs); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000 award to plaintiff).

Class Representatives dedicated their own valuable time, faithfully representing the Class. Here, the requested Award to Class Representatives is reasonable and thus, the Court should award the requested amount to Class Representatives.

## VI.    CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of one-third of the Settlement Amount, or $5,000,000, together with interest thereon; (ii) reimbursement of expenses

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

20

of $1,165,451.64; and (iii) $15,000 to each of the three Class Representatives, or $45,000 in total.

MOTION FOR ATTORNEYS' FEES,
EXPENSES, AND AWARDS TO CLASS REPS.

PRAESIDIO CONSUMER LAW PLLC
1916 Pike Place, Suite 12, Seattle, WA 98101 (646) 202-0629

21

1   Dated: July 11, 2023

2                                           Praesidio Consumer Law PLLC

3                                           By: /s/ Danny Kelly-Stallings
4                                           Danny Kelly-Stallings, WSBA No. 44445
                                            dstall@gmail.com
5                                           1916 Pike Pl., Suite 12
                                            Seattle, WA 98101
6                                           (206) 353-6197

7                                           *Local Counsel for Class Representatives*
8                                           *and the Class*

9                                           THE ROSEN LAW FIRM, P.A.

10                                          Laurence M. Rosen, Esq. (*pro hac vice*)
                                            Email: lrosen@rosenlegal.com
11                                          Jonathan Stern, Esq. (*pro hac vice*)
                                            Email: jstern@rosenlegal.com
12                                          275 Madison Avenue, 34th Floor
13                                          New York, NY 10016
                                            Telephone: (212) 686-1060
14                                          Facsimile: (212) 202-3827

15                                          *Lead Counsel for Class Representatives and*
16                                          *the Class*

17

18

19

20

21

22

23

24

25

26