1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re Zillow Group, Inc.
Securities Litigation

No. 2:17-cv-1387-JCC

EXHIBIT B
[~~PROPOSED~~]    ORDER    AND    FINAL
JUDGMENT

WHEREAS, on the 8th day of August, 2023, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated March 31, 2023 ("Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award Class Counsel fees and reimbursement of expenses; and (5) whether and in what amount to approve an Award to Class Representatives;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise; and

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Class Representatives' Motion for Preliminary Approval of Class Action Settlement, dated April 3, 2023 ("Preliminary Approval Order") was disseminated to all reasonably identifiable Class Members and posted to the website of the Claims

Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.    For purposes of this Settlement, the Court has jurisdiction over the subject matter of the Action, Class Representatives, all Class Members, and Defendants.

3.    In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members are bound by this Final Judgment except those persons listed on Schedule A to this Final Judgment.

4.    The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.     Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, released, relinquished, waived, dismissed and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to any and all Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties.  For the avoidance of doubt, Defendants are released from any and all claims for contribution or indemnity, as would otherwise be allowed by Section 21D of the Exchange Act, 15 U.S.C. §78u-4(f)(7). Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy. This release shall not apply to any Class Members who timely and properly excluded themselves from the Class pursuant to the Court's Orders dated October 28, 2020 and January 14, 2021.

7.     With respect to any and all Released Claims, the Releasing Parties shall waive, shall be deemed to have waived, and by operation of this Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

8.      With respect to any and all Released Claims, the Releasing Parties shall waive, shall be deemed to have waived, and by operation of this Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Released Claims, but the Releasing Parties, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Releasing Parties acknowledge and Class Members shall be deemed by operation of this Final Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement.

9.      Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties related to the Releasing Parties' prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties. Nothing contained herein

shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of the Stipulation or the Final Judgment.

10.    The Court finds that all Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the PSLRA as to all proceedings herein.

11.    Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them is evidence, or an admission or concession by any Party or their counsel, any Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or could have been alleged or asserted, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted or could have been alleged or asserted in any such action or proceeding. This Final Judgment is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Class Member, or any of the Released Parties, or any damages or injury to any Party, Class Member, or any Released Parties. Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with therewith (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Class Representatives or any other Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in the Court or otherwise,

as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or as otherwise required by law.

12. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

13. Exclusive jurisdiction is hereby retained over the Parties and Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund to Class Members.

14. Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Final Judgment shall not be affected, in any manner, by rulings that the Court makes herein on the proposed Plan of Allocation or the Fee and Expense Application.

17. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

18.     Class Counsel are hereby awarded 33.3% of the Settlement Amount, or $5 million, in fees, which the Court finds to be fair and reasonable, and $1,165,451.64 in reimbursement of out-of-pocket expenses. Class Representatives are hereby awarded $15,000 each, which the Court finds to be fair and reasonable. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Class Representatives, the Class and/or any other Person who receives payment from the Settlement Fund.

19.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, the Stipulation and this Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. and each Party shall be restored to his, her or its respective litigation positions as they existed prior to October 11, 2022, pursuant to the terms of the Stipulation.

Dated: August 8, 2023

HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

PRAESIDIO CONSUMER LAW PLLC.
1916 Pike Place, Suite 12 Seattle, WA 98101 (646) 202-0629

1

## **Schedule A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26