The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Zillow Group, Inc.<br>Securities Litigation | No. 2:17-cv-01387-JCC<br><br>[PROPOSED] ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS |

The Court having considered all materials and arguments submitted in support of Lead Plaintiff's Motion for Distribution of Class Settlement Funds ("Motion"), including the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Decl."),

**IT IS HEREBY ORDERED THAT:**

1. The Motion of Lead Plaintiffs Jo Ann Offutt, Raymond Harris, and Johanna Choy ("Plaintiffs") for Distribution of Class Action Settlement Funds is GRANTED.

2. As set forth in the Bravata Decl., the administrative determinations of the Claims Administrator[1], Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Decl. are approved, and the

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement, filed on March 31, 2023 ("Settlement" or "Stipulation") (Dkt. No. 173).

administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Decl. are approved.

3.  Any person asserting claims filed after August 9, 2024, the date SCS used as the latest date to file a claim in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after October 30, 2024, the date SCS used as the latest date to respond to a rejection notice in order to avoid delaying finalization of the administration, is forever barred from asserting a claim.

4.  The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.  The distribution plan for the Net Settlement Fund as set forth in the Bravata Decl. and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the time allotted or consistent with the terms outlined in the Bravata Decl. will irrevocably forfeit all recovery from the Settlement.

6.  Pursuant to Section 7.3 of the Stipulation, "the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the

Notice and any orders of the Court." Furthermore, pursuant to section 7.6 of the Stipulation, "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Class Counsel." The Court approves Class Counsel's choice of the Howard University Investor Justice & Education Clinic for the distribution of such funds that remain in the Net Settlement Fund six months after such second distribution.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net

[PROPOSED] ORDER FOR DISTRIBUTION OF
CLASS SETTLEMENT FUNDS - 3

DANIEL C. KELLY-STALLINGS
1739 28th Ave S, Seattle, WA 98144
(206) 353-6197

Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8.  SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation (i) in no less than one (1) year after the distribution of the Net Settlement Fund, and (ii) in no less than one (1) year after all funds have been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9.  This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

DATED: January 3, 2025

*[signature]*

HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE